People of the State of Illinois, Plaintiff-Appellee, v. Edward Miller and Clifford Withers, Defendants-Appellants.

**Gen. No. 10,757.**

Fourth District.
September 8, 1966.

Hugh J. Graham, of Springfield, for appellants.

Raymond L. Terrell, State's Attorney of Sangamon County, of Springfield (Richard A. Hollis, Assistant State's Attorney, of counsel), for appellee.

SMITH, J.

Defendants appeal from a conviction of the crimes of rape, contributing to the delinquency of a minor and conspiracy to commit the crime of rape. The State has confessed error as to the conviction for conspiracy and our basic consideration will relate to the crime of rape only. Defendants contend that guilt was not established beyond a reasonable doubt, evidence of general reputation for truth and veracity was improperly admitted and refusal of defendants' instruction on burden of proof was error.

The victim had met the defendant Withers previously, had learned from a girl friend that he was a nice person, and on the day in question was asked to go out with him. She said he would have to meet her mother first. At about 9:45 on the evening in question, he called, met the mother, and he and the victim left together to get

a coke in Withers' car. They picked up the defendant Miller and another boy and went to a swimming hole near Oakcrest Country Club. Victim then testified that Withers had intercourse with her; that he ripped her shorts off, pulled her panties down on her legs, and that she fought, scratched and bit him. When he finished, Miller did the same thing and then came the third boy. The shorts and panties were bloody and the zipper on the shorts was broken. The boys took her back home, let her out next door and she made immediate complaint to her mother. She was taken to the hospital and doctor and police officer corroborated her condition. The doctor testified to swelling, lacerations and bleeding in the pubic area. The vagina contained some 3½ teaspoons of a bloody watery fluid and spermatozoa. The defendants denied this story, stated that the victim voluntarily removed her shorts and panties, and voluntarily laid down in the front seat. Miller testified he was in the back seat of the car, slept part of the time and did not have intercourse with the victim, an explanation which didn't sound plausible to the jury. Pictures of the scratches and the bite on Withers was offered in evidence. The shorts the boys had on that night were examined by the crime lab and revealed the presence of spermatozoa.

██ A careful reading of the record in this case suggests ample evidence to support the jury's verdict and to establish the guilt of both defendants beyond a reasonable doubt. It is urged that Withers and Miller are in a different category and that there are no marks or scratches on Miller as there were on Withers to corroborate the victim. While this is true, it is equally true that there is other sufficient corroboration of his participation in the act. Where several act in concert and together, as they did here, they may be indicted and proceeded against in a single indictment. People v. DeStefano, 332 Ill 634, 164 NE 131. The reading of this record leaves us with as little doubt in the mind

of this court as it did in the mind of the jury. We are satisfied the jury's finding is correct beyond a reasonable doubt.

■ ■ The State correctly confesses error on the conspiracy count. Ill Rev Stats 1965, c 38, § 8–5 provides:

"No person shall be convicted of both the inchoate and the principal offense."

Conspiracy is the inchoate and rape the principal offense. The trial court erred in entering judgment and the conviction on Count III of the indictment is reversed. This does not, however, affect the judgment on the rape charge. People v. Duszkewycz, 27 Ill2d 257, 189 NE2d 299.

■ ■ Withers and his wife testified that the marks on his face were inflicted by the wife when he got home that night. In rebuttal, the State produced a police officer who testified he was acquainted with the reputation for truth and veracity of the defendant and his wife in the community in which they reside. He answered "it was bad." No objection was made to this testimony nor was there any motion to strike when it appeared that the opinion was based on rather isolated facts. Thus, the matter is not properly preserved for review. In any court, it is common practice to pursue the methods used here in attacking the credibility of a defendant who takes the stand. People v. Bakutis, 377 Ill 386, 36 NE2d 724. It follows that the evidence and the instruction based thereon was proper.

■ Defendant also complains of the refusal of the court to instruct the jury that the burden is on the State to prove every material element of the offense beyond a reasonable doubt and that the burden of proof never shifts to the defendant. This instruction was refused by the court solely on the grounds that "the court believes it is repetitious." The substance of the instruction

is contained in People's No. 12. There is little doubt that the jury was properly informed as to the burden of proof. There was no error in refusing the instruction.

Since the same facts are the basis for the contributing to the delinquency of a minor charge, the sentence should have been on the rape only. The State agrees that People v. Ritchie, 66 Ill App2d 302, 213 NE2d 651, controls.

The judgment of the trial court is affirmed as to the rape charge and reversed as to conspiracy and contributing to the delinquency of a minor.

Affirmed in part and reversed in part.

TRAPP, P. J. and CRAVEN, J., concur.