**People of the State of Illinois, Plaintiff-Appellee, v. William J. Gavin, Defendant-Appellant.**

Gen. No. 68–93.

Third District.

April 29, 1969.

John J. Kritzer and Kenneth E. Critser, of Monmouth, for appellant.

Channing Pratt, State's Attorney, of Monmouth, for appellee.

STOUDER, P. J.

In January, 1968, Defendant William Gavin entered his plea of guilty in the Circuit Court of Warren County to the offense of driving under the influence of alcohol in violation of Ill Rev Stats 1967, c 95½, § 144(a). He requested probation and hearing was held thereon. Although the State's Attorney and Probation Officer recommended probation, the request therefor was denied and defendant was sentenced to ninety days in the State Penal Farm from which sentence he has appealed.

At the hearing defendant introduced evidence of a psychiatrist who testified that defendant was a chronic alcoholic or suffering from the disease of alcoholism. Defendant originally filed his notice of appeal to the Il-

linois Supreme Court on the theory that incarceration where alcoholism is involved violates the proscriptions in the State and Federal constitutions against cruel and unusual punishment. In June, 1968, the United States Supreme Court decided Powell v. State of Texas, 88 S Ct 2145, which rejected defendant's argument. As a consequence thereof the Illinois Supreme Court transferred the case to this court and in view of the Powell decision we deem the constitutional question not now arguable.

At the hearing defendant presented evidence of his allegedly successful efforts at rehabilitation including the testimony of a representative of Alcoholics Anonymous. From the report of the Probation Officer it appears that the defendant was convicted of driving while intoxicated in 1963 and 1967. A similar charge in 1966 was reduced to reckless driving and in connection with his 1963 conviction defendant was placed on three years' probation.

Defendant was sentenced under the provisions of Ill Rev Stats 1967, c 95½, § 144(i) which provides in part ". . . On a second or subsequent conviction for an offense committed within 5 years after the commission of the first offense he shall be punished by imprisonment for not less than 90 days nor more than 1 year, and, in the discretion of the court, a fine of not more than $1,000. . . ."

In seeking to reverse his sentence, defendant argues that to jail an alcoholic is an abuse of the trial court's power to grant or deny probation. Defendant's argument is based primarily on the premise of his constitutional argument, namely that alcoholism is a disease and hence it is improper to incarcerate an alcoholic for any misconduct which is a consequence thereof or related thereto. In its nonconstitutional aspect defendant's argument is directed at the alleged misapplication of the probation statute. Ill Rev Stats 1967, c 48, § 117 (a). Such section provides that except in certain enumer-

ated cases the court may grant probation where one, repetition of the offense is unlikely, two, the public interest does not require the imposition of the penalty provided and three, rehabilitation of the defendant does not require the imposition of the penalty provided. Defendant argues that incarceration without treatment is futile and of no benefit or aid in rehabilitation. As insisted by defendant, incarceration is only one phase of the revolving door circle, i. e., drinking, arrest, conviction, incarceration, withdrawal, release, drinking, etc. Such argument assumes the inevitability of the cycle and further that compulsory withdrawal from the use of alcohol is unrelated to rehabilitation. Moreover, and indeed more importantly, such argument ignores the substantial interest that society has in avoiding or preventing the serious consequences caused by drunk drivers. It is defendant's argument that in any case where the defendant is shown to be an alcoholic, recognizes that he is an alcoholic and, expresses the willingness to accept treatment, such defendant may not be sentenced to jail or, as insisted by defendant, any sentence under such condition is an abuse of the authority of the court.

We do not agree with defendant's argument. In Powell v. Texas, supra, the Court affirmed the jail sentence imposed pursuant to a conviction for public drunkenness. Even the dissenting opinion in the aforementioned case recognized the necessity of society to protect itself against the hazards occasioned by persons driving while intoxicated and conceded that the objection of the minority to incarceration for public drunkenness did not extend to incarceration for driving while intoxicated. The "problem drinker" is not merely a problem to himself. As a driver he is a specific threat to other members of the public traveling the highways. The public cannot be reasonably expected to either ignore such hazard or respond with the admonition "please don't drink and drive."

414

Even if it could be said that incarceration of an alcoholic is not beneficially related to rehabilitation, the hazard posed to the public interest and the likelihood of repetition of the offense are equally important in determining the propriety of probation. Furthermore, we are unwilling to agree with defendant's major premise, namely, that incarceration is entirely unrelated to rehabilitation. The increasing awareness of the problems of alcoholism has resulted in much public and authoritative discussion, but only tentative solutions or answers. The general view appears to be that rehabilitation or "cure" depends on whether the alcoholic desires to be "cured." How such motivation can be promoted remains a question. Compulsory withdrawal from access to alcohol or the prospect of incarceration may promote an alcoholic's desire to accept and respond favorably to treatment. In fact, the record discloses in the instant case defendant's response may have been precipitated by the prospect of his incarceration. It should also be observed that the trial court had before it evidence of defendant's previous convictions as well as the ineffectual result of a previous three-year probationary period. Under such circumstances it cannot be said that the court abused its discretion in concluding that incarceration was required.

No issue has been raised by defendant concerning the voluntariness of his plea of guilty or that such plea was induced by ignorance of the possible consequences thereof and as a result such issues are not before us.

For the foregoing reasons the judgment and sentence of the Circuit Court of Warren County are affirmed.

Judgment affirmed.

ALLOY and RYAN, JJ., concur.