THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAUL ALLEN GENTRY, Defendant-Appellant.

(No. 12201;

Fourth District—June 3, 1974.

John F. McNichols and J. Daniel Stewart, both of Office of State Appellate Defender, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (John A. Beyer, of Circuit Attorney Project, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendant was convicted in a jury trial of burglary and theft over $150. The trial court entered judgment on both verdicts and sentenced defendant to an indeterminate term of 3 to 9 years. Defendant appeals.

Defendant contends upon appeal that his guilt was not proven beyond a reasonable doubt; that he was denied a fair trial because of the introduction into evidence of the fact that he had been previously convicted of burglary and theft; that the trial court's ruling that permitted the State to present rebuttal tesimony was erroneous; that the trial court improperly entered judgment on both jury verdicts; and that the sentence he received was excessive.

Defendant was indicted for a burglary that took place on June 29, 1972 of a partially completed building located at 1411 Dennison Drive, Springfield, Illinois. Defendant and his accomplice entered the building in question around 12:30 A.M. and removed two rolls of shag carpeting. The approximate value of the carpeting was set at $600.

■■ We find no merit to defendant's contention that the evidence was insufficient to establish his guilt beyond a reasonable doubt. Upon review of the record we find that there was ample evidence to support the jury verdicts. This court can set aside a jury verdict only when the evidence is so palpably contrary to the verdict or so unreasonable or unsatisfactory as to raise a reasonable doubt as to defendant's guilt. (*People v. Nuccio*, 54 Ill.2d 39, 294 N.E.2d 276.) Since there is no reasonable doubt of defendant's guilt, a review of the testimony bearing on this issue is not necessary, for it would have no precedential value; and accordingly we resolve this issue under Supreme Court Rule 23. Ill. Rev. Stat. 1973, ch. 110A, ¶ 23.

■■ Defendant also submits that he was denied a fair trial due to the admission into evidence of the fact he had been previously convicted for burglary and theft over $150. We cannot agree.

Prior to opening statements at trial, defendant filed a motion in limine requesting that if he take the stand, the State be precluded from bringing out on cross-examination that he had a prior conviction for burglary and theft. Counsel asserted that the conviction did not come within the

purview of *People v. Montgomery*, 47 Ill.2d 510, 268 N.E.2d 695. The trial court inquired of counsel as to what the dates of the prior convictions were. In reply, counsel stated the convictions took place in 1969. Thereafter the trial court denied the defense motion. When defendant took the stand, his counsel brought out on direct the existence of the prior convictions and the State did not cross-examine concerning these matters.

The convictions in question clearly fall within the parameter of *Montgomery.* (*People v. Overturf*, 12 Ill.App.3d 441, 299 N.E.2d 34.) Therefore the trial court's ruling was correct. In any case, the testimony dealing with the prior convictions was offered by the defendant.

Defendant next claims that the trial court committed reversible error in receiving rebuttal testimony from a witness who had previously testified in the State's case-in-chief on the grounds that the testimony was not rebuttal testimony. Defendant submits that the testimony did not contradict or explain anything defendant had stated while on the stand; and the testimony directed the jury's attention to defendant's prior untruthfulness at a point in the trial when it would have an adverse effect upon defendant in the eyes of the jury. The State contends that the witness' testimony explained and rebutted defendant's explanation for his untruthfulness.

■■■ The admission of rebuttal testimony is a matter left to the discretion of the trial court. A court of review will not interfere with the exercise of that discretion unless an abuse of discretion is shown. (*People v. Schulz*, 1 Ill.App.3d 212, 273 N.E.2d 736.) The record reveals that the rebuttal testimony did put the defendant's testimony into a different factual perspective than that which was advanced by defendant. It cannot be said that in light of this fact the trial court abused its discretion even though the rebuttal testimony could have been advanced in the State's case-in-chief. *People v. Daugherty*, 43 Ill.2d 251, 253 N.E.2d 389.

With regard to the issue that the trial court erroneously entered judgment on both verdicts in question, we note that the State has conceded this point. Under *People v. Lilly*, 56 Ill.2d 493, 309 N.E.2d 1, it is clear that the trial court should have entered judgment upon only one of the convictions in question.

Lastly, defendant contends that the sentence of 3 to 9 years is excessive in light of the nature of the offense and his history and character. The sentencing provisions of the Unified Code of Corrections are applicable herein. (*People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1.) The maximum term for burglary is any term in excess of 1 year and not to exceed 20 years. The minimum term is 1 year unless the trial court finds

that a higher term should be set because of the "nature and circumstances of the offense and the history and character of the defendant", and the higher minimum term cannot exceed one-third of the maximum term. Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3).

We find that the sentence imposed was not excessive. The trial court reviewed the facts of the case and defendant's past criminal record in the pre-sentence hearing. It based its sentence upon these factors, and we are not disposed to alter the trial court's findings unless they are manifestly erroneous.

The judgment of conviction for burglary is affirmed; the conviction of theft is reversed; and the sentence imposed is affirmed. This case is remanded to the circuit court with directions to issue an amended *mittimus*.

Affirmed in part, reversed in part, and remanded with directions:

SMITH, P. J., and SIMKINS, J., concur.