THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RALPH J. SCHMIDT, Defendant-Appellant.

(No. 72-164; 

Third District—February 20, 1975.

James Geis, of State Appellate Defender's Office, of Ottawa, for appellant.

David DeDoncker, State's Attorney, of Rock Island, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

A grand jury of Rock Island County indicted Ralph J. Schmidt, the defendant, for the crimes of forgery and conspiracy. After trial by jury he was found guilty and sentenced to a term in the penitentiary of not less than 3 nor more than 9 years. A further recitation of facts which resulted in the defendant's conviction and sentence of imprisonment will be set forth as they become pertinent to the issues raised in this appeal.

The first issue raised by the defendant is that his conviction for the crime of conspiracy should be vacated since he was also convicted of the principal offense, to-wit, the crime of forgery. We agree with the defendant. That one may not be convicted of both the principal and inchoate offense is clear from an examination of our Criminal Code. (See Ill. Rev. Stat. 1973, ch. 38, par. 8—5.) The judgment and sentence imposed on the charge of conspiracy to commit forgery must be set aside. (See *People v. Radford*, 87 Ill.App.2d 308, 232 N.E.2d 100.) However, the error in convicting on the conspiracy charge does not constitute error affecting the conviction on the principal charge, and the latter conviction may stand. *People v. Miller*, 74 Ill.App.2d 356, 220 N.E.2d 1.

The defendant further argues that the trial court's imposition of a sentence which is close to the maximum provided by statute was an abuse of discretion when his self-confessed accomplices received probation or were not prosecuted. Our Criminal Code provides that the crime of forgery is a Class 3 felony (Ill. Rev. Stat. 1973, ch. 38, par. 17—3(d)), and our Unified Code of Correction provides that maximum sentence for such felonies shall be any term in excess of 1 year not exceeding 10 years, unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term which shall not be greater than one-third of the maximum term set in that case by the court. Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(4), (c)(4).

It is the defendant's reasoning that the maximum possible sentence which could have been imposed upon him would have been for a term of not less than 3½ years nor more than 10 years, and consequently the sentence he received is quite close to the maximum allowable for a Class 3 felony. The defendant further argues that the sentence he received constitutes an abuse of the trial court's discretion in that it is violative

of the goal of providing parole authorities with the opportunity of rehabilitating him. The defendant further buttresses his argument that the trial court abused its discretion by calling attention to the fact that two accomplices did not receive any sentence of imprisonment. One accomplice who testified against the defendant was never prosecuted and the other, after testifying against the defendant, had the charge of forgery against him dismissed and in lieu thereof he pleaded guilty to the crime of conspiracy to commit forgery and was granted probation.

The narrow issue presented to us is whether the sentence imposed on the defendant constituted an abuse of discretion in that (1) it was discriminatory against him when weighed in the light of the action or nonaction of the People in regard to his accomplices, and (2) it interferes with the rehabilitation functions of the parole and pardon board.

■■■ We do not agree with the defendant. Equality in sentencing is not required for all participants in the same criminal act. (*People v. Winchell*, 100 Ill.App.2d 149, 241 N.E.2d 200 (abstract opinion).) The sentences should be molded to fit the criminal as well as the crime. (*People v. Cox*, 119 Ill.App.2d 163.) In the instant case it is apparent that the trial court was imposing a sentence to fit the criminal since the defendant had a history of forgery convictions spanning a period of 20 years. The record further discloses that the defendant was a much older man than the accomplices and that he was not only the instigator of the criminal act but in fact coerced one of the accomplices into participating in the crime. Such a factual situation illustrates the soundness of the rule that equality in sentencing is not required for all participants in the same criminal act.

■■ We further do not find merit in the defendant's contention that the sentence he received defeats or interferes with the Parole and Pardon Board's functions regarding rehabilitation of a criminal to such an extent that his sentence should be reduced. To conclude otherwise would result in a finding that the determination of rehabilitation is vested solely in the Parole and Pardon Board. Our legislature has also entrusted to the courts the power to make a determination pertaining to a defendant's rehabilitation, and such determination is one which should not be overturned by a reviewing court absent a showing of manifest abuse. (See *People v. Brown*, 60 Ill.App.2d 447, 208 N.E.2d 629.) The defendant in support of his argument for a reduction of his sentence cites the case of *People v. Lillie*, 79 Ill.App.2d 174, 223 N.E.2d 716. In *Lillie* the reviewing court stated: "Adequacy of the punishment should determine the minimum sentence, with the maximum dependent upon the court's divination as to the length of time required to achieve rehabilitation." (79 Ill.App.2d 174, 178.) Applying the standard as set forth in *Lillie* to

the case now before us, we are of the opinion that the trial court properly utilized the powers given to it to impose a sentence higher than that allowable. Such a conclusion is inescapable because in the instant case we have a 38-year-old defendant with a history of felony convictions for forgery. There is no evidence of any history of mental problems which could be the basis of his criminal conduct. Having been previously convicted for the crime of forgery on several occasions over a 20-year period of time, it is obvious that past efforts to rehabilitate the defendant were to no avail. Under such circumstances we cannot quarrel with the sentence of the trial court. We are mindful of the case of *People v. Griffin,* 8 Ill.App.3d 1070, 290 N.E.2d 620, which is cited and relied on by the defendant. In *Griffin* the defendant was 18 years old. He had a record of minor offenses and a history of mental illness. Also, the monetary value of the check involved in *Griffin* was $18. Suffice to say the *Griffin* case is not applicable in the instant case as an authority for reducing the trial court's sentence.

For the reasons set forth, the conviction and sentence imposed thereon by the Circuit Court of Rock Island County for the crime of conspiracy are reversed and vacated. However, the conviction and sentence imposed thereon for the crime of forgery are hereby affirmed.

Affirmed in part and reversed in part.

ALLOY and STOUDER, JJ., concur.