THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RANDY KRAMER, Defendant-Appellant.

(No. 12439;

Fourth District—March 27, 1975.

John F. McNichols and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant was convicted upon the verdict of a jury of theft of property having a value in excess of $150. He was sentenced to a term of 3 to 9 years' imprisonment. The sole issue upon appeal is that the sentence is excessive.

For such offense the maximum term shall not exceed 10 years, and the minimum shall be 1 year unless the court sets it higher, but such minimum shall not exceed one-third of the maximum. Ill. Rev. Stat. 1973, ch. 38, pars. 1005—8—1(b)(4), 1005—8—1(c)(4).

■■ Defendant contends that the sentence is disparate when considered in the light of sentences imposed upon his co-indictees. Such information

is supplied only by argument, and the record does not disclose or include either the sentences or the criminal record of such individuals. The issue is not present on appeal.

It is also contended that the sentence is excessive in the light of the nature and circumstances of the offense and the history and character of defendant. The trial court denied defendant's petition for probation after a hearing upon a presentence report. There was no substantial objection to the data included in such report. Defendant had a record of juvenile offenses involving several forms of custody. Though defendant was only 18 years of age, his record showed a prior conviction of felony and a violation of probation. He had minimal employment during the 2 years following his quitting school at the age of 16. The theft for which defendant was here convicted was one episode in a continuing scheme of theft.

■■ The trial court imposed sentence after consideration of the facts of the case, as well as the criminal record disclosed. The sentence was proper upon the matters of record. (*People v. Gentry*, 19 Ill.App.3d 861, 312 N.E.2d 441.) Upon the facts presented, the trial court did not abuse its discretion. *People v. Burbank*, 53 Ill.2d 261, 291 N.E.2d 161, *cert. denied*, 412 U.S. 951.

The judgment is affirmed.

Affirmed.

SIMKINS, P. J., and SMITH, J., concur.