THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HENRY STAMBOR *et al.*, Defendants-Appellants.

(No. 74-381;

Third District—November 6, 1975.

James Geis, of State Appellate Defender's Office, of Ottawa, for appellants.

Edward P. Drolet, State's Attorney, of Kankakee (James Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Kankakee County finding defendants Henry Stambor and Raymond Stambor guilty of the offense of burglary, following pleas of guilty. Both defendants were sentenced to not less than 2 nor more than 6 years of imprisonment. ■■ On appeal in this court, defendants contend, first, that the convictions should be reversed because they were not admonished concerning the mandatory parole term provisions prior to their guilty pleas, under the terms of section 5—8—1(e) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1(e)). In the case of *People v. Wills* (1975), 61 Ill.2d 105, 109, 330 N.E.2d 505, the Illinois Supreme Court concluded that Supreme Court Rule 402(a)(2) would require admonition to a defendant who was pleading guilty, as to the mandatory parole term. In a supplement to that opinion, the Supreme Court specified that such decision shall apply only to guilty pleas accepted after May 19, 1975. Since the pleas in the instant case were accepted on August 14, 1974, on the basis of the Supreme Court decision in the *Wills* case, it was not then required that defendants be admonished as to the mandatory parole term. The defendants were admonished carefully in accordance with Rule 402, and the trial court substantially complied with the Rule.

■■ Defendant Henry Stambor also challenges his sentence as being excessive and argues that the record in the case discloses that Henry Stambor has a considerably greater rehabilitative potential than his brother, Raymond Stambor, and that, therefore, the court abused its discretion in imposing identical sentences on the two defendants. While we agree that the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1001—1—1 *et seq.*) is designed to "permit the recognition of differences in rehabilitation possibilities among individual offenders" (§ 1001—1—2(a)), it is also true that the trial court has wide discretion in imposing sentence on convicted defendants within the limits provided by the legislature in the Unified Code. While our courts have stressed that fundamental fairness and respect for law requires that defendants similarly situated should not normally receive grossly disparate sentences (*People v. Henne* (2nd Dist. 1973), 10 Ill.App.3d 179, 180, 293 N.E.2d 172; *People v. Hall* (1st Dist. 1973), 17 Ill.App.3d 1, 5—6, 307 N.E.2d 664), equality in sentencing, however, is not required for all

participants in the same criminal act. *People v. Schmidt* (3rd Dist. 1975), 25 Ill.App.3d 1035, 1037, 324 N.E.2d 246.

■■ We have observed, therefore, that where there is no basis in the record of codefendants or in the nature of their respective roles in the crime, a sentence which arbitrarily imposes a more severe punishment on one of the defendants cannot be supported. (*People v. Steg* (3rd Dist. 1966), 69 Ill.App.2d 188, 192, 215 N.E.2d 854.) It is appropriate, however, to impose different sentences on codefendants based upon important distinctions which have a basis in the record. (*People v. Prater* (4th Dist. 1973), 12 Ill.App.3d 452, 453, 299 N.E.2d 26.) We recognize also that there can be an abuse of discretion when two codefendants are given the same sentence, although having widely different criminal records and different roles in the particular crime, and where there is a difference in other pertinent factors which are commonly used to evaluate the proper punishment required. (*People v. House* (4th Dist. 1975), 26 Ill.App.3d 330, 333, 325 N.E.2d 69.) Essentially, therefore, the factors which normally should be uppermost in the mind of the trial court during the sentencing process should be (1) the nature of the particular crime; (2) the role of the defendant in committing the crime (such as who instigated it and what each party did in connection with the crime); and (3) the history and character of defendant, including age, prior record, family situation, employment and other related factors.

In the cause before us, Henry Stambor was 23 years of age. His brother Raymond was 26. Henry was married with a child and had finished high school whereas Raymond was single and had only two years of secondary education. Henry was employed, while Raymond was physically incapacitated due to a leg or back injury. Also, Raymond has a prior aggravated battery conviction in addition to three recent property offenses, while Henry had only one prior conviction (for deceptive practices), although Henry apparently had some other problems with the law, including a bond forfeiture.

While the differences, referred to in the history and character of the two brothers, would suggest the propriety of varying sentences, the record before us shows that Henry Stambor was at least an equal participant in the burglary, and probably had a greater role in it, by reason of Raymond's physical injury. Henry apparently carried the television set and other stolen goods from the clubhouse to his car. There was also some indication that Henry was the instigator of the crime. The nature and circumstances of the crime, therefore, had apparently suggested to the trial court that Henry should receive at least as severe a sentence as his brother Raymond.

The trial court may also have concluded that the rehabilitative potential of Henry Stambor, as shown by the facts in the record, is not so significantly different from that of his older brother as to move the court to impose a sentence of imprisonment of less than the 2- to 6-year term imposed as to Raymond.

A court of review should apply its authority to reduce sentences with considerable caution and circumspection. (*People v. Allen* (1974), 56 Ill. 2d 536, 547, 309 N.E.2d 544.) Under the facts and circumstances in the cause before us, we do not believe that we would be justified in concluding that the trial court abused its discretion in imposing similar sentences on Henry Stambor and Raymond Stambor.

This cause will, therefore, be affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.