THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH MEINTS, Defendant-Appellant.

Fourth District   No. 12941

Opinion filed September 30, 1976.

Richard J. Wilson and Bruce Stratton, both of State Appellate Defender's Office, of Springfield, for appellant.

John G. Satter, State's Attorney, of Pontiac (G. Michael Prall, of Illinois State's Attorneys Association, and Jeffrey B. Levens, of counsel), for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals judgments of conviction upon two indictments consolidated for trial entered after jury verdicts.

By the first indictment defendant was convicted upon all counts and sentences were imposed as follows: burglary, 3 to 9 years; theft, 3 to 9 years, and conspiracy to commit burglary, no sentence.

By the second indictment defendant was convicted upon all counts and sentences were imposed as follows: burglary, 3 to 9 years, theft, 3 to 9 years, conspiracy to commit burglary, no sentence; criminal damages to property (vending machines), 1 to 3 years, and criminal damage to propery (building), no sentence.

While the sentences so imposed were made concurrent, each was made "consecutive to present sentence."

■■ In its brief, the State confesses error upon two issues raised in the appeal. It is conceded that the court erred in entering judgments of conviction other than as to the burglary charged in each indictment. Upon the conviction of burglary it was error to convict and sentence upon the inchoate offense of conspiracy to commit burglary. (*People v. Schmidt* (1975), 25 Ill. App. 3d 1035, 324 N.E.2d 246.) Similarly, the thefts concerned conduct incident to the burglary and the convictions for such theft must be reversed. (*People v. Woods* (1974), 23 Ill. App. 3d 480, 319 N.E.2d 263; *People v. Gentry* (1974), 19 Ill. App. 3d 861, 312 N.E.2d 441.)

By the State's confession of error, it appears that the breaking of the vending machines was not independently motivated vis-a-vis the burglary. *People v. Whittington* (1970), 46 Ill. 2d 405, 265 N.E.2d 679.) The confession of error is approved.

■■ The State also concedes that the consecutive sentences were not lawfully imposed. The mittimus in each case provides that the concurrent sentence imposed therein shall be "consecutive to present sentence." The report of the proceedings shows the court's colloquy:

> "Both sentences will be consecutive to any sentence he is presently serving on charges not related to these cases."

In *People v. Logan* (1974), 23 Ill. App. 3d 41, 318 N.E.2d 94, and *People v. Walton* (1969), 118 Ill. App. 2d 324, 254 N.E.2d 190, it was held that a sentence to commence in the future must be so certain that the termination of the first term of imprisonment and the commencement of the second must be ascertainable without construing or supplementing the record. The sentences at issue cannot be so determined. The confession of error is approved.

The record shows that co-defendants, Adams and Yeitz, were indicted for the same offenses. Yeitz confessed to these burglaries, as well as others and was granted immunity for his testimony. Adams pleaded guilty to these burglaries and was sentenced to a term of 20 to 60 months. Each testified for the prosecution in the trial of the defendant.

Defendant cites a sentence from the opinion in *People v. Henne* (1973), 10 Ill. App. 3d 179, 180, 293 N.E.2d 172:

> "Fundamental fairness and respect for the law require that defendants similarly situated may not receive grossly disparate sentences."

Defendant then asserts that his sentence should be reduced to that imposed upon the co-defendant, Adams.

It is not contended that the term of the sentence is excessive *per se*. It is simply argued that it should be reduced to match that of Adams. This record contains no part of the proceedings relating to the factual basis of the plea entered by Adams, his presentence report, or any evidence in aggravation or mitigation. The record does show that the State's Attorney, during the sentence hearing, advised the court that Adams had no prior convictions. The record supports the court's statement that defendant did the actual breaking of the premises described in the first indictment, and that he chose the location of the second, which was unknown to the co-defendants. In addition, defendant had two prior convictions of misdemeanors.

Initially, we note that the sentences are not "grossly disparate" in the context of *Henne*. In that case the record showed equal participation in the burglary, but defendant received a sentence of 7 to 21 years following

trial, while the co-defendant received 1 to 4 years following a plea. The record of convictions of the latter were more gross. In *People v. Hall* (1973), 17 Ill. App. 3d 1, 307 N.E.2d 664, the court found the sentences to be grossly disparate where there was equal participation, but one defendant received a sentence of 100 to 150 years, while the co-defendant was sentenced to 20 to 50 years.

■■ In *People v. Schmidt* (1975), 25 Ill. App. 3d 1035, 324 N.E.2d 246, it is noted that equality of sentence is not required, but whether the imposition of a greater sentence is arbitrary must be determined from the record. The trial court may determine the sentence from the nature of the offense, the participation of a particular defendant and from his history and character. (*People v. Stambor* (1975), 33 Ill. App. 3d 324, 337 N.E.2d 63.) Upon this record it does not appear that the sentences are grossly disparate.

Since neither of the judgments entered nor the records in the respective cases reflect any other convictions and sentence imposed thereon which would precede the sentences here imposed, the latter sentences are not sufficiently definite and certain to stand as lawful consecutive sentences. (*People v. Horodecki* (1958), 15 Ill. 2d 130, 154 N.E.2d 67; compare *People v. Pearson* (1972), 52 Ill. 2d 260, 287 N.E.2d 715; *People v. Dennison* (1948), 399 Ill. 484, 78 N.E.2d 232.) Upon the authority of *Horodecki* the sentences must be served concurrently.

The respective convictions and sentences for theft, conspiracy to commit burglary and criminal damage to property are reversed. The convictions for burglary and the respective terms imposed are affirmed and said sentences are to be served concurrently. The consecutive sentence imposed on each burglary is vacated and the cause is remanded with directions to issue an amended mittimus in each case in accordance to the views expressed herein.

Affirmed in part, reversed in part, sentences vacated and causes remanded with directions.

CRAVEN and SIMKINS, JJ., concur.