THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CHARLES LEROY MAYO, Defendant-Appellant.

Third District   No. 76-507

Opinion filed October 14, 1977.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for
appellant.

William K. O'Connor, State's Attorney, of Cambridge, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After a jury trial, defendant, Charles Mayo, was found guilty of
aggravated battery and battery and sentenced by the circuit court of
Henry County to a term of imprisonment of from 3 to 10 years.

The alleged offense took place outside the Park Street Tap in Kewanee,
Illinois. The chief witness for the State was Donna Burke who was

employed as a bartender at the Park Street Tap. She testified that on June 29, 1976, Logan Harvey and Richard Koch were engaged in a discussion about black and white "races." Harvey was black and Koch was white. The defendant and a female companion were also in the tavern at this time. At about 10 p.m. Harvey got up and left the establishment. Shortly thereafter Koch went outside. Burke followed the two men outside and she was in turn followed out by the defendant.

Once outside the witness saw Koch grab Harvey and begin choking him. Koch then forcefully threw Harvey against the tavern building. When Harvey fell to the ground, Koch raised his foot two or three feet into the air and came down hard on Harvey's stomach with it. Koch is approximately 6 foot 5 inches tall and weighs 280 pounds. Harvey's position on the sidewalk was such that a person could not walk around Harvey to return to the bar, but would have to step over him. Within a matter of seconds the witness observed the defendant approach Harvey and then place both feet on Harvey and bounce a couple of times. Defendant is 5 foot 5 inches tall and weighs about 130 pounds. Burke remonstrated defendant for his behavior to which defendant replied "he's only a nigger anyway."

Gary Price testified that while Koch was strangling Harvey, he saw the defendant grab Koch and attempt to pull him off. He also testified that due to Harvey's position on the sidewalk, it was not possible for the defendant to have walked around Harvey when returning to the bar. The witness observed defendant place both feet on Harvey and jump on him, causing Harvey's body to recoil. Though no visible injuries were sustained by Harvey, he died shortly after the incident.

The defendant testified in his own behalf. He testified that he saw Koch grab hold of Harvey and that he grabbed Koch and tried to pull him away from Harvey. While the scuffle continued, the defendant said he ran across the street to get help, which prevented him from seeing what happened next. Upon returning without help, he stepped on Harvey who was laying completely across his path. He testified he had not intended to step upon Harvey and that at the time, Harvey did not appear to be injured. Following the incident, defendant did not leave the scene and subsequently told the investigating officers that he had indeed stepped on Harvey.

A coroner's physician testified that Harvey had suffered an intra-abdominal hemorrhage which was the consequence of a traumatic rupture of the superior mesenteric artery and that Harvey's death was the result of those injuries. The coroner further testified that the cause of death was traumatic, caused by a very strong blow to the abdominal wall. It was also the opinion of the physician that any additional blow to the area could aggravate the initial injury. In a separate trial, Koch was

convicted of manslaughter and sentenced to a term of imprisonment of from 3 to 10 years.

■■ The first issue defendant raises on appeal is whether the evidence was sufficient to establish defendant's guilt for the offense of aggravated battery beyond a reasonable doubt. Defendant asks that we reverse his aggravated battery conviction or, in the alternative, to reduce the conviction to one for simple battery and remand the case for resentencing. The evidence is overwhelming that defendant made an unconsented to physical contact of a provoking nature with the decedent. The only issue is whether the severity of defendant's conduct, as demonstrated by the evidence, was sufficient to constitute aggravated battery. We hold that it did.

Section 12—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 12—4) provides in pertinent part:

> "(a) A person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery."

Since this section requires great bodily harm before a defendant may be convicted of aggravated battery, it is important to gauge the extent to which defendant's conduct contributed to the injuries sustained by the decedent. In this regard, the testimony of Dr. Garcia, the coroner's physician, is pertinent. From the record it appears that after first describing the internal bleeding suffered by the decedent, Dr. Garcia testified to the following:

> "The cause of death was traumatic caused by a very strong blow in the abdominal wall. A very forceful blow can rupture the artery as well as other tissues around it because you have bone structure behind that wall. * * * It is very hard to determine whether the injury could have resulted from more than one blow. The injury could possibly have resulted from someone standing on the subject's chest and bearing weight down upon the person with his feet. A physical examination of Logan Harvey's face did not disclose any apparent injuries to either his face or neck. * * * One strong severe blow to the area where I found the rupture could have in and of itself been the cause for the injury. Any additional blow to the area could aggravate the situation. * * * It is unlikely that a subsequent stepping on the area would not have an aggravating effect."

■■ Defendant, focusing on Dr. Garcia's testimony, contends that the only evidence as to who caused the decedent's injury left too much to inference and speculation to conclude beyond a reasonable doubt that defendant either caused or contributed to Harvey's injuries. We do not

agree. The doctor testified that a very forceful blow can rupture the mesenteric artery as well as other tissues around it because of the bone structure behind it. In light of this medical testimony as to the type of physical act which would account for the injuries sustained by the decedent and the testimony of the State's two occurrence witnesses who observed defendant either "jumping" or "bouncing" on the abdominal region of a semiconscious individual, we believe the State presented sufficient evidence from which the jury could find the defendant guilty of aggravated battery beyond a reasonable doubt. While the harm sustained by the decedent was the result of the conduct of two individuals, the evidence presented, together with all reasonable and permissible inferences therefrom, was sufficient to establish a causal connection between the defendant's conduct and the injuries to the decedent. The nature, effect, and consequences of defendant's conduct was a question of fact to be resolved by the jury.

■■ Defendant next contends the sentence of 3 to 10 years is excessive. It is clear that trial courts are entitled to exercise sound discretion in sentencing. (*People v. Mask*, 34 Ill. App. 3d 668, 339 N.E.2d 417.) Unless the trial court has abused its discretion, a court of review will not alter the sentence. (*People v. Bonner*, 37 Ill. 2d 553, 229 N.E.2d 527.) In sentencing a defendant, the trial court should consider the nature of the crime, the defendant's role in committing the crime and the history and character of the defendant as shown by his age, prior record, family situation, employment, and other related factors. (*People v. Stambor*, 33 Ill. App. 3d 324, 337 N.E.2d 63.) While defendant agrees with the foregoing principles, he argues that because his conduct is substantially less culpable than Koch's, fundamental fairness and justice require that defendant receive a lesser sentence. Resolution of this issue is complicated because Koch's presentence report or past history is not available to us for examination.

While the severity of criminal conduct is an important factor to consider, it is not the sole criteria for sentencing. If disparity of sentences between defendants does not, in and of itself, warrant a court of review to modify the sentence imposed where similar criminal conduct occurred (*People v. Thompson*, 36 Ill. 2d 478, 224 N.E.2d 264), then conversely, the disparity of criminal conduct should not automatically require that different sentences be imposed. The defendant's presentence report reveals a long history of difficulties with the law. It is also impossible to state with certainty the exact extent to which defendant's conduct contributed to Harvey's death. It is also important to note that manslaughter, for which Koch was convicted, and aggravated battery, for which the defendant was convicted, are both Class 3 felonies. Upon an

examination of the presentence report and the record before us, we believe the trial court acted within the bounds of judicial discretion in imposing the sentence it did.

■■ The final issue before us involves the defendant's objection to the imposition of convictions for aggravated battery and battery based upon the same physical act. Under the rules as set forth in *People v. King*, 66 Ill. 2d 551, 363 N.E.2d 838, multiple convictions and sentences are proper unless the offenses arose from the same physical act. There is no question here but that defendant's multiple convictions resulted from the same physical act, *i.e.*, jumping on Logan Harvey, and the State has so conceded. Accordingly, the judgement of conviction for the lesser offense of battery must be vacated.

For the foregoing reasons judgment of the circuit court of Henry County for aggravated battery is affirmed and defendant's conviction by the same court for battery is vacated.

Judgment affirmed in part, vacated in part.

ALLOY, P. J., and BARRY, J., concur.