THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDMOND TRIPP, Defendant-Appellant.

Fifth District   No. 77-234

Opinion filed June 8, 1978.

Michael J. Rosborough and Phillip A. Kramer, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William D. Kelly, State's Attorney, of Vandalia (Bruce D. Irish and Martin N. Ashley, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant, Edmond Tripp, was charged in the circuit court of Fayette County with the offenses of aggravated battery and battery, upon William O. Smith. Following a bench trial he was found guilty as charged and was sentenced to one to three years imprisonment. Defendant appeals.

Section 12—4(b)(6) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(b)(6)), under which defendant was convicted of aggravated battery, provides in part that a person commits this offense when, in committing a battery, he:

(6) "Knows the individual harmed to be * * * a correctional officer, while such officer is engaged in the execution of any of his official duties including arrest or attempted arrest; * * *."

On appeal defendant raises the following issues: (1) whether the State failed to prove, as required by the statute, that Smith was "harmed"; (2) whether the State also failed to prove that Smith was a "correctional officer"; and (3) alternatively, if aggravated battery was proven, then whether the court erred in entering a judgment of conviction for battery based on the same physical acts of defendant.

On August 27, 1976, defendant was a prison inmate at Vandalia Correctional Center assigned to work at the prison general store. Smith was a civil service "supply supervisor" at the Center. The evidence at trial showed that on that date, an incident occurred between defendant and another inmate, following which defendant became belligerent and refused to further work at his duties. Smith, after first talking with defendant, then went into an office to report defendant's conduct. Defendant followed Smith and upon learning that Smith was reporting him, struck Smith in the face with his fist. Smith in turn grabbed defendant and held him in a headlock. While being so held, defendant picked up a hand stapler and struck Smith in his side with it several times. Guards were called and, five minutes later, took defendant into their custody.

Further evidence showed that as supply supervisor, Smith was charged with the supervision of the general store and inmates working therein. He stated, for instance, that he was required on each working day to pick up defendant at the prison dormitory in the morning and to deliver him back again at the end of the day. Smith's duties also included the enforcement and maintenance of disciplinary, safety, sanitary, security and custodial measures.

Defendant presented an insanity defense.

No evidence was directly presented showing the extent of the physical injuries suffered by Smith as a result of the incident. On this basis

defendant first contends that his conviction under section 12—4(b)(6) cannot stand since harm was not shown.

We have previously held that to support a conviction for aggravated battery under this section of the Criminal Code, actual physical harm resulting from the battery must be proven, and a contact merely of an insulting or provoking nature is not enough. (*People v. Crane*, 3 Ill. App. 3d 716, 279 N.E.2d 134; *People v. Benhoff*, 51 Ill. App. 3d 651, 366 N.E.2d 359; *People v. Taylor*, 53 Ill. App. 3d 810, 368 N.E.2d 950.) In *Benhoff*, the defendant was convicted of aggravated battery against Officer Taylor and aggravated battery against Officer Spaur. The evidence showed that Taylor had received minor injuries as a result of the defendant's battery, but that Spaur had received no injuries at all. Consequently, we affirmed the conviction for aggravated battery upon Taylor but reversed that for aggravated battery upon Spaur.

In *Crane*, involving battery upon a teacher under section 12—4(b)(3), the defendant's conviction for aggravated battery was reversed where the evidence demonstrated that the defendant did not physically harm the teacher. The defendant had only tugged or pushed her. In *Taylor*, on the other hand, the evidence showed that the defendant had kicked a police officer in his groin and head areas. Such was done while the two were in close proximity, and the first of the kicks had propelled the officer forward. While no direct evidence was presented of the injury inflicted thereby, we nonetheless affirmed the defendant's conviction for aggravated battery stating:

> "This evidence, combined with the jury's common knowledge, is sufficient to establish that defendant's conduct caused bodily harm." 53 Ill. App. 3d 810, 816, 368 N.E.2d 950, 955.

Applying these cases to the instant one, we conclude that the requisite harm was sufficiently proven. Defendant struck Smith in the face with a fist and struck him several times in the side with a stapler, a hard metal object. While the resultant injuries may have been relatively minor, the evidence was nonetheless sufficient for the court to conclude that Smith suffered actual bodily harm.

Turning to defendant's second contention, he urges that Smith was only a civil service employee and thus outside the ambit of the term "correctional officer." We do not agree.

In enacting the statute in question the legislature generally intended to afford greater protection for those subjected to special risks in performing public duties. (*People v. Hanson*, 53 Ill. 2d 79, 289 N.E.2d 611, *cert. denied*, 411 U.S. 937, 36 L. Ed. 2d 398, 93 S. Ct. 1916.) From the plain language of the provision, we understand "correctional officer" to be a generic appellation, defined by the official duties of the victim in

question. A civil service classification of a particular job cannot limit the intent of the legislature; the decisive factor is whether that job entails functions which the statute was intended to protect. Defendant urges that it is significant that Smith wore no uniform, carried no gun and was assigned no paramilitary rank, unlike institutional guards. However, it is the nature of official duties performed and not the "clothing of the actor" which is dispositive. (*People v. Barrett*, 54 Ill. App. 3d 944, 370 N.E.2d 247.) Here, Smith was required to enforce and maintain "disciplinary, safety, sanitary, security and custodial measures." In the performance of these duties, Smith was subjected to the very, inherent risks in a correctional facility which the statute was designed to cover and prevent. We find it significant to note that the attack herein was itself a result of Smith's attempt to enforce discipline in the execution of his duties.

Accordingly, we affirm defendant's conviction for aggravated battery.

Having so held, we lastly consider defendant's final contention that the lower court erred in entering judgments of conviction for both aggravated battery and battery. The State confesses error on this point. We agree.

■■ Both convictions were grounded on the same physical acts and the offense of battery constitutes a lesser included offense of aggravated battery. Accordingly, the judgment of conviction for battery must be reversed. *People v. King*, 66 Ill. 2d 551, 363 N.E.2d 838; *People v. Mayo*, 53 Ill. App. 3d 152, 368 N.E.2d 794.

For the foregoing reasons the judgment entered by the circuit court of Fayette County for aggravated battery is affirmed, and the judgment of conviction for battery is reversed.

Affirmed in part, reversed in part.

KARNS and G. J. MORAN, JJ., concur.