THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH P. HORN, Defendant-Appellant.

Fifth District   No. 77-269

Opinion filed October 12, 1978.

Michael J. Rosborough and Rafael Schwimmer, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Howerton, State's Attorney, of Marion (Bruce D. Irish and Ann E. Singleton, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant, Kenneth Horn, pleaded guilty to the charge of arson in the Circuit Court of Williamson County and was sentenced to a term of imprisonment of 2 to 20 years. Defendant appeals from the trial court's denial of his motion to withdraw his plea of guilty and vacate judgment. Defendant contends that the sentence imposed was excessive and an abuse of discretion by the trial court. Defendant also contends that the trial court erred in failing to reconsider the sentence imposed when the defendant filed the motion to withdraw his plea.

Defendant was charged by information with the October 8, 1976, arson on his father's shed. On November 22, 1976, the defendant entered a non-negotiated plea of guilty to the charge and was admonished by the court as to the rights he waived by such a plea and the penalties that could be imposed. Defendant answered affirmatively when asked whether he was pleading guilty by choice. The State gave as a factual basis for the plea that its witnesses would testify that the defendant set fire to a shed without the owner's consent, thereby knowingly damaging the building. The trial court accepted the defendant's plea and ordered that a presentence investigation be made.

The presentence report showed that the defendant was 30 years of age and had earned a high school diploma. Reports attached to the presentence investigation showed that the defendant had a long history of alcohol abuse and that he had been an alcoholic since 1966 for which he received treatment on two occasions. The report also showed that the defendant had numerous traffic violations, all apparently arising from his alcoholism. The report further showed that the defendant had received probation for the offenses of criminal damage to property (less than $150), disorderly conduct and aggravated assault.

At the sentencing hearing, the State, noting among other factors that the defendant committed the instant offense while on probation, recommended that the court sentence the defendant to a prison term of 6 2/3 to 20 years. In mitigation, defense counsel noted the defendant's honorable 8-year service in the United States Air Force. Defense counsel also argued to the court that although the defendant had a long history of alcohol abuse, it would be best not to impose a lengthy maximum prison term so as to recognize his potential for rehabilitation. The trial court thereupon sentenced the defendant to a prison term of 2 to 20 years. In so ruling, the court made reference to his alcoholic uncle and the manner in which his uncle had cured himself of alcoholism after spending a year in

jail. The court also noted that the defendant was a danger to the public and that to simply impose probation would be inconsistent with the ends of justice and would belittle the seriousness of the offense.

On March 24, 1977, defendant filed a motion to withdraw his plea of guilty and vacate judgment. In his motion, defendant alleged that his plea was involuntary because while incarcerated in the Williamson County Jail awaiting trial he was informed by other detainees that he would receive a more lenient sentence if he waived his right to a jury trial and pleaded guilty. In addition, the defendant alleged that the sentence imposed was excessive.

At the hearing on the defendant's motion to withdraw his guilty plea, he testified that his record did not support the 20-year maximum sentence imposed. The defendant admitted that he had been admonished of his rights and that he had never been given any guarantees as to any particular sentence to be imposed. He also told the court that the reason he was dissatisfied with the prior proceeding was because he felt his sentence was excessive. The trial court denied the motion to withdraw the guilty plea.

■■ Defendant first contends that the trial court abused its discretion in sentencing him to a 20-year maximum sentence for arson. In support of this contention, defendant first argues that the court improperly focused on his dependence on alcohol, a malady which the defendant asserts renders incarceration invalid as a means of achieving rehabilitation. We disagree. Addiction to alcohol, whether psychological, physiological, or just plain choice, is a meaningful item to be considered at the time of the imposition of sentence. (*People v. Daugherty*, 106 Ill. App. 2d 250, 245 N.E.2d 7 (4th Dist. 1969).) Nor is incarceration entirely unrelated to rehabilitation. Considering this argument, the court in *People v. Gavin*, 108 Ill. App. 2d 412, 415, 248 N.E.2d 137, 139 (3d Dist. 1969), stated:

> "The increasing awareness of the problems of alcoholism has resulted in much public and authoritative discussion but only tentative solutions or answers. The general view appears to be that rehabilitation or "cure" depends on whether the alcoholic desires to be "cured." How such motivation can be promoted remains a question. Compulsory withdrawal from access to alcohol or the prospect of incarceration may promote an alcoholic's desire to accept and respond favorably to treatment."

Hence, we find that the defendant's self-avowed alcoholism was a proper factor to be considered by the sentencing court.

The defendant also argues that in assessing defendant's potential for rehabilitation, the trial court improperly based its decision on personal notions, specifically his experience with an alcoholic uncle. While it is true that the trial judge discussed his alcoholic uncle and the manner in which his uncle had cured himself of alcoholism after spending a year in jail,

there is no indication in the record that he was in any way basing the defendant's sentence on that personal experience. Rather, it is apparent from the record that the trial judge's discussion about his uncle was only part of an attempt to convince the defendant that the only cure for alcoholism lies within the alcoholic individual. The trial judge was presented with extensive evidence of the defendant's previous failures at his attempts to cure his alcoholic condition. The trial judge also noted that he had presided over many cases dealing with alcoholics and that many had been cured as a result of compulsory withdrawal from alcohol resulting from incarceration. It is clear that it was the trial judge's experience from the bench that served as a basis for the court's determination as to the best means of rehabilitating the defendant. Such a determination will not be disturbed on review absent a showing of a manifest abuse of discretion. *People v. Schmidt*, 25 Ill. App. 3d 1035, 324 N.E.2d 246 (3d Dist. 1975).

■■ We are of the opinion that the trial court in the instant cause based its determination of the defendant's potential for rehabilitation on proper factors. In addition, the sentence imposed of 2 to 20 years was within the statutory limits. (Ill. Rev. Stat. 1975, ch. 38, pars. 20—1(c), 1005—8—1(b)(3).) The record demonstrates that the trial court was justified in imposing a long maximum sentence as an inducement to the defendant to discontinue his addiction to alcohol and the criminal activities he engaged in which were related to that addiction. As such, the maximum sentence imposed was not excessive and not an abuse of discretion by the trial court.

Defendant next contends that the trial court refused to reconsider the sentence it imposed when the defendant filed a motion to withdraw his plea alleging, among other assertions, that his maximum term was excessive. The defendant further argues that the trial court was not aware that it could reconsider his sentence at the motion to withdraw the guilty plea. We find absolutely no merit in this contention by the defendant. The record demonstrates that the trial court was aware that the defendant sought to have his maximum term reduced when he testified that he believed the maximum sentence he had received was too great. It is apparent from the record that the trial court did in fact reconsider the sentence, but did so without additional comment.

For the foregoing reasons, the order of the Circuit Court of Williamson County is affirmed.

Affirmed.

EBERSPACHER, P. J., and JONES, J., concur.