THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GROVER PROCELL, Defendant-Appellant.

Fifth District   No. 5—87—0228

Opinion filed June 29, 1989.

Daniel M. Kirwan and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, and Charles E. Petersen, of counsel), for the People.

JUSTICE GOLDENHERSH delivered the opinion of the court:
Defendant, Grover Procell, appeals from the judgment of the circuit court of Jackson County finding him guilty of possession of a

stolen motor vehicle and escape. The court sentenced him to serve concurrent terms of three and five years which are consecutive to the sentence imposed by the circuit court of Peoria County. We affirm.

■ One of defendant's issues on appeal is whether his conviction for possession of a stolen vehicle must be reversed because the penalty provision is unconstitutional. Defendant argues that a first conviction for possession of a stolen motor vehicle is a greater class offense (Class 2 felony) than the more serious offense of auto theft (Class 3 felony). Our supreme court addressed that issue in *People v. Bryant* (1989), 128 Ill. 2d 448, holding:

> "We believe that the legislature's decision to steadily increase the penalty for possession of a stolen motor vehicle was designed to distinguish possession of a stolen motor vehicle from theft in order to remedy the increasing frequency of the offense of possession of a stolen motor vehicle and its related activities. Therefore, we hold that section 4—103(b) of the Vehicle Code is reasonably designed to protect the public from the evils of the offense of possession of a stolen motor vehicle and its related activities. As such, section 4—103(b) of the Vehicle Code does not violate sections 2 and 11 of article I of the Illinois Constitution." 128 Ill. 2d at 457-58.

Thus, this court finds that section 4—103(b) is not unconstitutional pursuant to *Bryant*.

The remaining issue before this court is whether defendant's sentence was excessive. The record reveals the following facts.

At the bench trial on February 19, 1987, Howard Saver, a Community Correctional Center supervisor at Southern Illinois Community Correctional Center in Carbondale (SICC), stated that he is responsible for placing inmates in work release sites. Defendant was transferred to SICC on October 24, 1986. On October 30, 1986, defendant was assigned a work release job at Cristado's Bakery in Carbondale. Saver was on call that night when he received a message on his beeper at 11:48 p.m. The message told him to report to the center immediately. After he arrived at the center, Greg Prineas, an employee of SICC, informed him of defendant's escape. Saver then patrolled the area where defendant ran until 4 or 5 a.m. If defendant had worked the shift, he would have returned to the center at 4 a.m. Defendant did not report to the center.

Greg Prineas was in the process of making a transportation run on the evening of October 30. He was dispatched to Cristado's Bakery to check on defendant because there had been a problem with him returning to work after his break. When he arrived at the bakery at

11:40 p.m., he began a search of the building and general vicinity. As he walked toward the west end of the shopping center where the bakery is located, he saw defendant. He asked defendant why he did not go back to work after the break. Prineas could not recall defendant's answer. Prineas then proceeded to take defendant back to the center. When Prineas and defendant began to park the car in the parking lot at the center, defendant ran from the vehicle. Prineas and others searched for defendant but could not find him.

Steve Odom, a City of Carbondale police officer, was on patrol on October 30, 1986, at 5:50 a.m., when he observed an Oldsmobile Delta 88 accelerate rapidly and swerve. The driver of the car lost control of the car as the car swerved, causing the car to end up in the northbound lane of the street but traveling southbound. The officer eventually initiated a traffic stop. Odom discovered that defendant was driving the car. He had seen defendant earlier in the evening when defendant was first taken into custody. Odom asked defendant how he got the car and defendant stated that he took it and that the keys were in the car.

John Beatman, the owner of the car defendant was driving, stated that he did not give defendant permission to take the car.

After the trial, the court found defendant guilty and ordered a presentence investigation. The investigation revealed the following prior convictions and charges. In 1980, defendant was found guilty of possession of marijuana and sentenced to 30 days in the State of South Carolina Department of Corrections. In 1984, defendant was charged with driving while intoxicated in the State of Texas. Defendant failed to appear in court and there is an active warrant on him. In 1986, in the State of California, defendant was found guilty of "unlawful drive and take motor vehicle," and of driving under the influence of alcohol. The California court sentenced him to three years' probation, 204 days in the county jail, a $150 fine, restitution, and participation in a program for alcohol abuse. Defendant failed to complete any treatment because he left the State. Later in 1986, the circuit court of Peoria County found defendant guilty of theft over and sentenced him to 2½ years in the Department of Corrections.

Defendant has earned a high school degree and completed two years at Texas A&M University. He dropped out of college because of his abuse of alcohol. His IQ is in the bright range of 110 and probably higher. Defendant has never held a job for more than one year.

Defendant has been a chronic alcoholic for the past 10 years but has never received any alcohol or substance abuse counseling. Defendant admits he needs counseling. At the sentencing hearing, defendant

did not offer any mitigating evidence.

In light of the record, this court finds that the sentence was not excessive. However, defendant argues that the court did not give proper weight to his alcoholism or his rehabilitative potential. It is well established that a trial court is in the best position to tailor a sentence for a defendant to the needs of the case, and absent an abuse of discretion, this court will not alter the punishment. (*People v. Steppan* (1985), 105 Ill. 2d 310, 323, 473 N.E.2d 1300, 1307.) In this case, the trial court did not abuse its discretion.

Defendant had been incarcerated twice. He has an outstanding warrant for drunk driving in Texas and was convicted of driving while intoxicated in California. Defendant failed to complete the sentence in California because he left the State. Furthermore, defendant is an escape risk. Defendant is also a chronic alcoholic; in this case, defendant left a work release site to obtain a drink. During this incident, defendant stole a car and was discovered driving it erratically because he was intoxicated.

At the sentencing hearing, defendant's only concern was being released from prison by 1990 or 1991. He did not offer any evidence in mitigation. The record is devoid of any evidence which tends to prove he ever sought any help for his alcohol problem.

In *People v. Gavin* (1969), 108 Ill. App. 2d 412, 248 N.E.2d 137, the court rejected the defendant's argument that "in any case where the defendant is shown to be an alcoholic, recognizes that he is an alcoholic, and expresses the willingness to accept treatment, such defendant may not be sentenced to jail or, as insisted by defendant, any sentence under such condition is an abuse of the authority of the court." (108 Ill. App. 2d at 414, 248 N.E.2d at 139.) The court found that "[e]ven if it could be said that incarceration of an alcoholic is not beneficially related to rehabilitation, the hazard posed to the public interest and the likelihood of repetition of the offense are equally important in determining the propriety of probation." (108 Ill. App. 2d at 415, 248 N.E.2d at 139.) The court also found that the "cure" depends upon the alcoholic's desire to be cured and the motivation behind that desire must be taken into account. In *Gavin*, the court found the defendant's response may have been induced by the prospect of incarceration.

In light of *Gavin*, defendant's argument lacks support. Defendant's desire to seek counseling for his alcoholic problem apparently is due more to the potential of incarceration, as the numerous prior encounters for the same problem did not motivate him to seek help. Nothing in the record reveals that defendant will independently

seek assistance or can be trusted to complete any program on his own. Furthermore, defendant's problem is a hazard to the public because he managed to obtain a car and drive in his intoxicated state. Not only does he become a hazard to the public but he also shows a strong likelihood of repetition.

In conclusion, this court finds that the trial court did not abuse its discretion. For the foregoing reasons, this court affirms the judgment and sentence rendered by the circuit court of Jackson County.

Affirmed.

CHAPMAN and RARICK, JJ., concur.