**People of the State of Illinois, Plaintiffs-Appellants, v. Pedro Lopez, Defendant-Appellee.**

Gen. No. 67–44.

Third District.

March 27, 1968.

David S. Schechter, of Chicago, for appellants.

Robert E. Richardson, State's Attorney, of Ottawa, for appellee.

SCHEINEMAN, J.

The defendant, Pedro Lopez, was indicted on two counts, in Count I for murder and in Count II for manslaughter. He waived a jury and his bench trial resulted in a finding he was guilty of murder. He was sentenced to the penitentiary for twenty to fifty years.

The defendant had a woman living with him named Stella. They had spent an evening in a tavern, returning home about 11:30 p. m. They had been observed quarreling to some extent in the tavern although not creating any disturbance. On their return home they sat down at a kitchen table on which there lay a knife. According to the defendant's testimony the woman continued to argue and call him dirty names and cursed his parents. He became enraged and picked up the knife and stabbed her fatally. He says of his act, "I mad. I hit."

Apparently he was remorseful and went to a tavern in the vicinity where he told the owners he had killed Stella and asked the man to call the police. The defendant denied he made the statement but both proprietors testified to it. He was taken first to the police station and later to the scene of the crime. The police contended that they warned him of his rights and that in reply to a question as to what happened, he repeated his inculpatory statement made to the tavern owners that he had killed Stella. During the time he was at the police station he asked to contact a friend called Eddie Pelka. The police refused to allow this call telling him that Pelka was a tavernkeeper, not a lawyer. The defendant was a man sixty-seven years of age, of Mexican origin, without formal education and had difficulty with the English language. The defense contends these facts made it unlikely he really understood his rights.

■ ■ Under these circumstances the defense contends that a confession he gave at the police station

should not have been admitted into evidence, especially since he had not been permitted to contact his friend. The literal wording of the Illinois rule requires the police to permit an accused person to contact a lawyer and a member of his family. We are of the opinion that the spirit of the rule would include a friend and the police should have permitted him to make his contact. However, we fail to see that any real prejudice resulted to him, for if his friend had come and advised him, it would do no good to tell him not to make any incriminating statements, since this had already been done at the tavern.

Miranda v. Arizona, 384 US 436, prescribed the warning which must be given prior to a confession in order to make the statement admissible. That case also excludes from its application volunteer statements such as the defendant's remark that he killed Stella. The restrictions in that precedent do not apply in this case.

The defendant took the stand in his own behalf and described the activities leading to the homicide. He says the woman continued to argue, that she called him vile names and cursed his parents.

The interpreter translated him as to his condition, thus: "I was so angry I lost all sense of myself, I don't know how I picked up the knife, and I didn't even know what I had done." He also denied any intent to kill.

His confession in evidence consists largely of a recital of what the deceased had called him,—with much repetition.

The owner of the tavern where defendant and Stella spent the evening testified there had been some quarreling, although not disturbing to other patrons. Defendant had a fisherman's knife in his shirt. The owner tried to get it from him, but Lopez refused to part with it although he allowed the owner to see it. Apparently this was the knife on the kitchen table at the time of the fatal assault.

It is argued on this appeal that, in view of the abuse and vituperation by the victim, the defendant should not have been found guilty of murder but rather of manslaughter. But the Illinois Criminal Code allows a homicide to be classed as manslaughter only when there has been serious provocation, and gives this definition: "Serious provocation is conduct sufficient to excite an intense passion in a reasonable person." Chapter 38, par 9–2, Ill Rev Stats.

■ In a number of Supreme Court cases it has been held that mere words do not constitute sufficient provocation under this statute.

The recent case of People v. Crews, 38 Ill2d 331, 231 NE2d 451, refers to this rule, citing People v. Washington, 27 Ill2d 104, 187 NE2d 739; People v. Harris, 8 Ill2d 431, 134 NE2d 315; People v. Sain, 384 Ill 394, 51 NE2d 557; also the committee comments to this section of the Criminal Code in Smith-Hurd Annotated Statutes.

■ According to the testimony of the defendant, the deceased used abusive language toward him, but that is all. There was no testimony charging an assault, or even a threatened assault.

Under these conditions the finding of guilty of the charge of murder was justified. The judgment is affirmed.

Judgment affirmed.

ALLOY, P. J. and STOUDER, J., concur.