THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID BINION, Defendant-Appellant.

(No. 70-234;

Second District—February 10, 1971.

*Modified on denial of rehearing March 31, 1971.*

Morton Zwick, of Defender Project, of Chicago, (E. Roger Horsky, of Elgin, of counsel,) for appellant.

William Ketcham, State's Attorney, of Geneva, (W. Ben Morgan, Assistant State's Attorney, of Elgin, of counsel,) for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The defendant, David Binion, was indicted for murder in the death of Vivian Wade that occurred on September 2, 1969. Binion waived trial by jury and after trial was convicted of voluntary manslaughter by the court and sentenced to the penitentiary for a term of three to twelve years. On appeal Binion contends that there was not sufficient evidence to show that he committed the offense of voluntary manslaughter beyond a reasonable doubt and that the lower court improperly denied his petition for probation.

The trial court was presented with two different versions of what occurred on September 2. Magnolia Fews, the principal witness for the

State, testified that she lived in the City of Aurora and was a friend of Vivian Wade. At about 1:00 P.M. on that date, Miss Wade visited Mrs. Fews in the company of the defendant and a second man, William Bolds. Vivian entered her home first and was followed shortly by Binion and Bolds. Magnolia and Vivian were in the kitchen when Binion came in and set a briefcase on the kitchen table. Binion pulled a gun from the briefcase and pushed Vivian's head with it "kind of hard." Vivian used some "bad words" and threw her purse at Binion, striking him in the head. Binion fired the gun and a bullet entered Miss Wade's head and caused her death. It did not appear to Mrs. Fews that there was any ill will between Binion and Vivian Wade until the incident occurred.

Binion testified that he had known Vivian Wade for about 8 or 9 years and that he called at her home on the morning of September 2 with his friend, William Bolds. At her request, he brought her a .32 caliber pistol. After a short stay at her home, the three of them left in Bold's automobile to run a few errands for Miss Wade. After a short time, they drove to the residence of Magnolia Fews where Vivian went in first to learn if Mrs. Fews was at home. She came back to the car and said that it was all right to go in and as the three went up the stairs Binion playfully slapped Miss Wade on the "butt" and she said to Binion "Don't do that."

Minion and Vivian went into the kitchen where Vivian introduced him to Magnolia. Binion said that he did not recall that he had ever met Mrs. Fews before and Vivian said that his mind "wasn't very long." Binion replied "Don't feel my mind isn't very long" and "thumped" Vivian on the head. She told Binion not to do that and when he jocosely answered "What would you do about it" she took the pistol from her handbag and pointed it at him. Binion had not been aware that she had the gun with her but was not concerned since he knew that it had not been loaded when he gave it to her earlier that morning. Binion grabbed Vivian's wrist and pulled her towards him, turning her arm and the gun around and it accidentally fired and shot the woman. Binion stated that at no time did his fingers touch the trigger or did he know the gun was loaded. He stated that Mrs. Fews was not in the Kitchen when the gun fired and denied that he had held the gun or pushed it against Miss Wade's head or that she had thrown her purse at him. Binion further testified that he and Miss Wade had been "playing" all day and that there was no ill will between them. After the shooting, Binion became frightened and asked Bolds to give him a ride "anywhere". He passed out in the car and woke up in Chicago. He did not know Miss Wade was dead until he read it in the newspapers and he turned himself in approximately 15 to 20 days after the shooting.

■■ The parties appear to agree that under an indictment for murder

the court may find the defendant guilty of the lesser included offense of voluntary manslaughter and that an accused has no right to limit the determination to guilt or innocence on a murder charge where the evidence would support a conviction for the lesser charge. (*People v. Taylor*, 36 Ill.2d 483, 489; *People v. Green*, 23 Ill.2d 584, 590.) The fact that the evidence would have justified a finding of guilty on the charge of murder is not one of which the defendant can complain. *People v. Green, ibid.; People v. Wiggins*, 12 Ill.2d 418.

It is contended here, however, that the facts before the trial court did not establish those elements necessary to constitute the crime of involuntary manslaughter.

That crime is defined in Section 9—2 of the criminal code (Ill. Rev. Stat., 1969, ch. 38, par. 9—2) as follows:

"(a) A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by:

(1) The individual killed, or

(2) Another whom the offender endeavors to kill, but he negligently or accidentally causes the death of the individual killed.

Serious provocation is conduct sufficient to excite an intense passion in a reasonable person  *  *  *"

■■ The statute and cases agree that the provocation must be so serious as to excite passion in a reasonable person to justify a reduction of a murder charge to voluntary manslaughter. (*People v. Pecora*, 107 Ill.App.2d 283, 295; *People v. Lopez*, 93 Ill.App.2d 426, 429.) One case has stated that "*  *  * the only categories of serious provocation which have been recognized are: substantial physical injury or assault, mutual quarrel or combat, illegal arrest, and adultery with the offender's wife." *People v. Crews*, 38 Ill.2d 331, 335.

The appellant contends that even if we consider only the testimony of Magnolia Fews that there is not sufficient evidence of a serious provocation on the part of the decedent since the mere throwing of a purse and the use of unspecified "bad" language could not provoke intense passion in a reasonable man. The closest factual analogy we can find is a case where a murder charge was reduced to manslaughter where the decedent used "vile" language and threw hot water in the face of the defendant. (*People v. Sain*, 384 Ill. 394.) The court stated in that case p. 399:

"It was the province of the trial judge, a jury having been waived, to settle the conflict in the evidence and determine from the facts and circumstances whether the defendant acted in self-defense, or, if not in self-defense, whether the circumstances attending the assault were

such that her death at defendant's hands constituted murder, manslaughter or justifiable homicide."

■■ We do not agree that the acts of Vivian Wade prior to the shooting as related by Mrs. Fews and by the defendant were palpably insufficient to provoke a reasonable man to sudden passion. The sufficiency of the provocation was a matter to be determined by the trier of facts and we believe that the conviction for involuntary manslaughter was supported by the evidence before the court.

■■ It is also argued that the trial court arbitrarily denied the defendant's petition for probation since it did not obtain an investigation report from a probation officer or conduct a hearing on the petition. The record shows that the defendant was found guilty on December 5, 1969 and that a series of continuances was subsequently granted apparently because of the ill health of defense counsel and the absence of the defendant. Although there is no investigatory report or transcript of a hearing contained in the record, the order denying the petition dated February 9, 1970 recites that the court considered a "Presentence Investigation Report" prepared by the probation department and conducted a hearing. It further appears that the defense counsel and the defendant replied affirmatively to the inquiry of the trial court if a hearing had been held. In any event, it is not necessary to obtain such a report or conduct a hearing in regard to a probation petition. *People v. Gomez*, 29 Ill.2d 432, 434; *People v. Coolidge*, 26 Ill.2d 533, 542.

Under these circumstances, we do not feel that the defendant has met his burden to show that the denial of his petition for probation was an abuse of discretion by the trial court.

For the reasons stated, the judgment of conviction will be affirmed.

Judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.

AMENDED OPINION UPON DENIAL
OF PETITION FOR REHEARING

On the Petition for Rehearing, Defendant-Appellant, calls the Court's attention to the fact that in two instances in the opinion, we have used the word "involuntary" rather than "voluntary."

The opinion is hereby amended as follows:

Page 4, first full paragraph should read:

It is contended here, however, that the facts before the trial court did not establish those elements necessary to constitute the crime of voluntary manslaughter.

Page 5, first full paragraph should read:

We do not agree that the acts of Vivian Wade prior to the shooting as

related by Mrs. Fews and by the defendant were palpably insufficient to provoke a reasonable man to sudden passion. The sufficiency of the provocation was a matter to be determined by the trier of facts and we believe that the conviction for voluntary manslaughter was supported by the evidence before the court.

In all other respects we affirm the opinion originally filed.

SEIDENFELD and GUILD, JJ., concur.