The People of the State of Illinois, Plaintiff-Appellee, v. Vernon J. Knox, Defendant-Appellant.

(No. 54118;

First District—December 1, 1971.

*Rehearing denied January 5, 1972.*

Adamowski, Newey & Riley, of Chicago, (Francis X. Riley, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Daniel J. Pierce, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

This cause comes up for the second time on appeal. In *People v. Knox,* 90 Ill.App.2d 149, 234 N.E.2d 128, this court reviewed defendant's con-

viction of larceny, for which he was sentenced to a term of two to five years in the penitentiary, and found that, on the evidence, defendant had been proved guilty beyond a reasonable doubt, but that the trial court had erred in not holding a hearing on the voluntariness of two statements made by defendant prior to trial. This court then remanded the cause, directing the trial court to hold a hearing on the voluntariness of the statements, and if it found that they were voluntarily made, to sentence the defendant in accordance with the verdict of the jury.

The trial court conducted the requisite hearing and found that the statements were voluntarily given. It denied the defendant's motion to suppress and entered a new judgment. The defendant then moved to be admitted to probation. The court denied the motion, stating, "I have no authority to give this man probation. \* \* \* I have no authority as I understand the law to do it. The mandate of the Appellate Court being what it is." The court then proceeded to hear evidence in aggravation and mitigation and sentenced the defendant to a term of one to four years in the penitentiary. It is from this sentence that the defendant appeals.

Defendant's sole contention is that the trial court, in reconsidering the sentence on remand, erred in refusing to exercise its statutory authority to grant him probation. We believe, however, that the trial court on remand was without authority to reconsider the sentence, and hence also without authority to grant him probation.

■■ It is well settled that "where a cause is re-docketed after litigation is prosecuted to a court of review and passed upon, not only the questions that were raised and considered, but also all that could have been raised and passed upon, are *res judicata* whether they were raised or not." (*Village of Oak Park v. Swigart*, 266 Ill. 60, 61, 107 N.E. 158, 159.) Whether defendant was entitled to probation was a question which could have been raised and passed upon in the initial appeal. It is too late in the proceedings for him to raise it now for the first time.

■■ The rule of law is that when a cause is remanded with special directions, those directions must be followed, and the trial court may take only such proceedings as conform to the judgment of the Appellate Court. (*Thomas v. Durschlag*, 410 Ill. 363, 102 N.E.2d 114.) In the instant case, the Appellate Court remanded the cause with the following directions:

"This case is therefore remanded with directions to the trial court to vacate the judgment of conviction and conduct a hearing in accordance with this opinion.

If the court finds that the statements of the defendant were made involuntarily the trial court shall grant the defendant a new trial. If the court finds that the statements were made voluntarily by the defendant

24

the court shall enter a new judgment and sentence in accordance with the verdict of the jury." *People v. Knox*, 90 Ill.App.2d 149, 167, 234 N.E.2d 128, 136.

It is clear that the Appellate Court mandate empowered the trial court solely to rule on the voluntariness of the two statements, and if it found the statements were voluntarily made, to enter a new judgment and to reinstate the original sentence of two to five years.

■■ The trial court erred in holding a hearing on aggravation and mitigation and in changing the sentence previously imposed on defendant. Consequently, the conviction is affirmed, the resentencing of defendant to a term of one to four years is reversed, and the original sentence of two to five years is reinstated.

Affirmed in part and reversed in part.

ADESKO, P. J., and DIERINGER, J., concur.