THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VERDEEN CLARK, Defendant-Appellant.

(No. 58023;

First District (5th Division)—November 2, 1973.

*Rehearing denied December 3, 1973.*

James J. Doherty, Public Defender, of Chicago, (Jean Essary and Suzanne Zinos, Assistant Public Defenders, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and John M. Cutrone, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DRUCKER delivered the opinion of the court:

Defendant was indicted for the murder of Dorothy Townsend. In a bench trial, defendant was found guilty of voluntary manslaughter (Ill. Rev. Stat. 1969, ch. 38, par. 9—2(a)(1))* and was sentenced to a term of two to six years.

On appeal the defendant contends: (1) that the elements of voluntary manslaughter were not proven beyond a reasonable doubt; (2) that the State did not meet its burden of proof on the issue of self-defense; (3) that a reasonable doubt existed because the State failed to call several witnesses; (4) that defendant was denied a fair trial when the court excluded from consideration the testimony of a defense witness; and (5) that the sentence was excessive.

Dorothy was killed by a stab wound in the chest after an argument with defendant. On August 24, 1970, the date of the incident, she had grabbed defendant's young son and reprimanded him for taking a popsicle from her child while the children were playing in front of their houses. Defendant's son then came crying to defendant who was slicing bologna in her kitchen with a kitchen knife. Defendant went to Dorothy's house with the knife still in her hand, rang the bell and asked Dorothy to come outside where defendant was standing. The two women were standing under the open window of Mrs. Lily Mixon.

Mrs. Mixon testified that when she heard defendant ask Dorothy, "Why did you hit my little boy?" Dorothy answered that she didn't hit the boy but only "shook him." At this time one of Dorothy's children appeared and she turned to speak with the child. While this was occurring, defendant hit her own bosom and pulled out a kitchen knife. When Dorothy again turned to face defendant, she was stabbed in the chest by defendant. Mrs. Mixon also stated that the only weapon she saw was the one used by defendant. Defendant left the scene and returned to her apartment with the knife.

Officer Frank McLaughlin, testifying for the State, stated that after advising defendant as to her constitutional rights, defendant told him "that an altercation had occurred and that she had stabbed the victim."

---

* The statute in pertinent part states:
  "§ 9—2. *Voluntary Manslaughter.*] (a) A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by:
  (1) The individual killed, or
  
  \* \* \*
  
  Serious provocation is conduct sufficient to excite an intense passion in a reasonable person."

He also stated that the only weapon recovered was that used by defendant.

Defendant took the stand and testified that she was five feet five inches tall, weight 112 pounds; that she stabbed Dorothy after she said something and came at her with a knife. This alleged second knife was never recovered although one defense witness did testify that he saw a knife lying on the ground beside the victim. This witness was impeached by a prior statement he had made to the police in which he did not mention the alleged second knife. He also admitted lying to the police.

It was stipulated that decedent was five feet 11 inches in height, weighed 243 pounds and was 28 years old.

OPINION

Defendant contends that there was insufficient evidence to prove the existence of serious provocation or a sudden and intense passion resulting from serious provocation. She argues that the only defense raised was that of self-defense and that the State in trying to prove defendant guilty of murder did not demonstrate the existence of serious provocation, an element unnecessary to a murder conviction.

■■ "In a murder trial, a defendant may properly be found guilty of the lesser offense of voluntary manslaughter, but only if the evidence adduced at trial establishes the necessary elements of that offense." (*People v. Thompson*, 11 Ill.App.3d 752, 756, 297 N.E.2d 592.) Serious provocation is defined in the statute as conduct sufficient to excite an intense passion in a reasonable person. (*People v. Lopez*, 93 Ill.App.2d 426, 235 N.E.2d 652.) The only categories of serious provocation which have been recognized are: substantial physical injury or assault, mutual quarrel or combat, illegal arrest, or adultery with the offender's spouse. *People v. Crews*, 38 Ill.2d 331, 231 N.E.2d 451.

■■ In the instant cause only two occurrences could even arguably be the basis for a serious provocation. The first is the conversation or argument defendant and the victim had immediately prior to the stabbing. Although defendant categorized this meeting as an argument, the recitation of the conversation by Mrs. Mixon demonstrates the absence of severe invectives or threats, and mere words alone are not sufficient to constitute provocation. (*People v. Morgan*, 114 Ill.App.2d 421, 252 N.E. 2d 730.) The other occurrence was when defendant's son ran into the kitchen where defendant was preparing a meal and told her that Dorothy had hit him. Defendant's son was 10 years old, and this episode which occurred outside the defendant's presence and was told to her after the fact by her young child is not the type of occurrence which would seriously provoke a reasonable person to intense passion.

■■ Nor was a sudden and intense passion demonstrated by the evi-

dence. It was necessary for the State to prove that the killing was the result of a sudden, violent impulse of passion supposed to be irresistible, and if there should appear to have been an interval between the assault or provocation given and the killing sufficient for the voice of reason and humanity to be heard, the killing shall be attributed to deliberate revenge, and punished as murder, rather than as voluntary manslaughter. (*People v. Smith*, 404 Ill. 350, 88 N.E.2d 834.) Defendant walked downstairs from her own second floor apartment, rang the bell of Dorothy's apartment, waited for her to come downstairs from her apartment and then engaged her in a conversation. These acts are not indicative of a sudden, violent, irresistible impulse of passion. Alternatively, defendant has alleged that she stabbed Dorothy in self-defense. The deliberate act of self-defense would negative an inference of intense passion (*People v. Smith*), and the State, although rebutting this self-defense argument, has not pointed to probative evidence of passion. We have fully reviewed the record and have found no evidence to demonstrate that at the time of the stabbing, defendant was "acting under a sudden and intense passion resulting from serious provocation by [the decedent]." To find otherwise would be mere conjecture.

■■ "We conclude that while the evidence might have sustained a conviction for murder, a voluntary manslaughter conviction cannot stand. Since defendant's conviction of the lesser crime amounted to an acquittal of the greater crime of murder, and we have found that the evidence failed to prove voluntary manslaughter beyond a reasonable doubt, the judgment appealed from must be reversed." (*Thompson* at page 758.) In view of this conclusion, we need not review defendant's other contentions.

The judgment is reversed.

Reversed.

ENGLISH and LORENZ, JJ., concur.