The People of the State of Illinois, Plaintiff-Appellee, *v.* Roger Woods, Defendant-Appellant.

(No. 12478;

Fourth District—November 14, 1974.

John F. McNichols and J. Daniel Stewart, both of State Appellate Defender's Office, of Springfield, for appellant.

Richard J. Doyle, State's Attorney, of Danville (John W. Foltz, of Circuit Attorneys Project, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Roger Woods, appeals from a judgment entered pursuant to a guilty plea for the offense of burglary and from a sentence imposed of 1 year and 6 months to 4 years and 6 months. Defendant raises two issues before this court: (1) Whether the court erred in entering judgments on defendant's theft pleas, and (2) Whether defendant's guilty plea is invalid because defendant was not admonished that conviction of the greater offense would preclude conviction on the lesser included offenses.

On May 17, 1972, the defendant and two others went to the premises

of a William Jones in Danville, Illinois, entered, and removed three guns and a radio owned by William Jones and knives and a camera owned by Danny Jones. On September 12, 1972, defendant was indicted on one count of burglary and two counts of theft under $150. On January 22, 1973, defendant entered guilty pleas to all three counts and admitted taking guns from the house without authority. The court then admonished defendant of his various rights. In admonishing defendant regarding the possible penalties, the court stated that defendant had a right to apply for probation, conditional discharge, or periodic imprisonment. The Court further stated that the offense of burglary carried an indeterminate sentence of 1 to 20 years and proceeded to explain the meaning of an indeterminate sentence. The court added that the offense also carried a fine of up to $10,000 and a mandatory 3-year parole term. The court then informed defendant that each count of the offense of theft under $150 carried a fine of up to $1000 and imprisonment up to 1 year. The court then stated:

"At this time the plea of guilty of this defendant will be accepted by the Court, noted of record and judgment entered on the plea."

On September 20, 1973, the court sentenced defendant only on the burglary count.

■■ We agree with defendant that the facts here indicate that all three offenses arose from a single transaction. In *People v. Lilly*, 56 Ill.2d 493, 309 N.E.2d 1, our supreme court held that where several counts of an indictment are based on a single act of the defendant, there can be only one conviction. Hence, if the judgment entered on the greater offense is valid, a conviction for a lesser offense arising from the same act must be reversed whether or not sentence was imposed thereon. In the instant case the court apparently entered judgment only on the burglary count, although the court's statement in this regard is somewhat unclear. Nevertheless, the *mittimus* in this cause clearly records judgment on only the burglary. On the basis of this record we find that the trial court complied with *Lilly* and should be affirmed.

■■ We see no merit to defendant's argument that his guilty plea was invalid because he was not admonished that conviction for the greater offense of burglary would preclude conviction on the lesser theft offenses since had such occurred this court would be required under *Lilly* to vacate the lesser convictions.

Accordingly, for the reasons stated above the judgment and sentence imposed by the circuit court of Vermilion county is hereby affirmed.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.