THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLARENCE EUGENE WILSON, Defendant-Appellant.

Fifth District   No. 77-416

Opinion filed July 10, 1978.

James A. Klenk, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago, and Raymond McCamy, State's Attorney, of Robinson (Donald B. Mackay and Thomas Connors, Assistant Attorneys General, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

In May 1977, Clarence Wilson was convicted of murder following a jury trial in the Circuit Court of Williamson County and was sentenced to a term of 50 to 75 years. Because of the nature of his allegations on appeal, it is necessary to set out in some detail the chronology of the legal proceedings which led to this conviction.

On June 1, 1970, the defendant and two accomplices, James Sharp and Donald Mitchell, attempted to burglarize a supermarket in Oblong. They were interrupted in this activity by the police chief of Oblong and the officer was fatally shot.

In August 1970, defendant was tried in the Circuit Court of Wayne County on charges of murder, murder while attempting to commit burglary, and attempt to commit burglary. The jury returned guilty verdicts on all three counts but the court, for reasons which will be

explained below, entered judgments of conviction only for murder and attempt to commit burglary. Defendant took a direct appeal to our supreme court and his convictions were affirmed. *People v. Wilson*, 51 Ill. 2d 302, 281 N.E.2d 626 (1972).

Defendant then filed a petition for post-conviction relief, alleging that his convictions were obtained in violation of *Napue v. Illinois*, 360 U.S. 264, 3 L. Ed. 2d 1217, 79 S. Ct. 1173, (1959) because Sharp and Mitchell had falsely testified at his trial that they had received no consideration for their testimonies and the prosecutor had failed to correct this false testimony. Following a hearing, the trial court denied the relief sought and we affirmed this denial in *Wilson v. People*, 13 Ill. App. 3d 675, 300 N.E.2d 576 (5th Dist. 1973).

Defendant then filed a *habeas corpus* petition in Federal district court and the relief was denied. The United States Court of Appeals for the Seventh Circuit, however, reversed and vacated defendant's murder conviction. The attempted burglary conviction was not disturbed. The court of appeals ordered the district court to fix a reasonable period of time within which the State could retry defendant for murder. (*United States ex rel. Wilson v. Cannon*, 538 F.2d 1271, 1278 (7th Cir. 1976).) The district court ordered that defendant be tried by January 24, 1977.

The State reinstated the murder indictment in September 1976. In November, it secured a new indictment for murder in the course of attempting to commit burglary, sometimes known as "felony murder." Prior to trial in the Circuit Court of Wabash County, defendant moved to dismiss the felony murder indictment on the ground that it violated his constitutional and statutory guarantees against double jeopardy. The motion was granted and defendant was tried for murder. A mistrial was declared on January 14, 1977, because the jury could not agree on a verdict.

On January 21, the State moved the Federal district court to grant an additional 120 days within which to try the defendant. Defendant objected and the court allowed an additional 90 days, or until April 21, in which to try Wilson.

In response to defendant's motion, venue was transferred to Williamson County and trial was set for April 18, 1977. The State moved to reinstate the felony murder charge. Following a hearing the trial court denied the motion. A week later the trial judge reconsidered and granted the motion. Therefore, trial was held on both murder and "felony murder" indictments. Over defendant's objection the jury was instructed that it should return a general verdict of guilty if it found defendant guilty of either charge. The jury returned a verdict of guilty on April 22, 1977.

Defendant's first contention on appeal is that he was unconstitutionally placed in double jeopardy when he was indicted for "felony murder" and

convicted in 1977 because the State had *nolle prossed* the original 1970 "felony murder" indictment after a guilty verdict had been returned. We disagree.

When the jury returned guilty verdicts to both the murder and "felony murder" charges, the State, apparently believing that judgment could not be entered on both, moved to *nolle prosequi* the "felony murder" count and the motion was granted. Although the State in its brief to this court suggests that the parties in 1970 were relying on *People v. Schlenger,* 13 Ill. 2d 63, 147 N.E.2d 316 (1958), and the record neither supports nor contradicts this suggestion, we do not believe that *Schlenger* was applicable. *Schlenger,* and the numerous cases following prior to *People v. King,* 66 Ill. 2d 551, 363 N.E.2d 838 (1977) (see, *e.g., People v. Scott,* 43 Ill. 2d 135, 251 N.E.2d 190 (1969); *People v. Stewart,* 45 Ill. 2d 310, 259 N.E.2d 24 (1970); *People v. Williams,* 60 Ill. 2d 1, 322 N.E.2d 819 (1975)) stood for the proposition that judgment could only be entered on the more serious of two offenses arising from the same act or course of conduct where the acts or conduct were not separately motivated. Inasmuch as murder and "felony murder" are in fact the same crime, as will be explained below, it is more likely that the State in 1970 was attempting to make a redundant verdict disappear. The fact that a redundant verdict existed at all resulted from the submission of separate verdicts on each rather than submitting general verdicts of guilty or not guilty of murder.

"Felony murder" is not a crime found in our statutes. As defendant concedes, the phrase is a shorthand manner for expressing a theory by which murder may be prosecuted. The crime of murder is described in section 9—1 of the Criminal Code of 1961 as follows:

> "(a) A person who kills an individual without lawful justification commits murder if, in performing the acts which cause the death:
>
>> (1) He either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another; or
>>
>> (2) He knows that such acts create a strong probability of death or great bodily harm to that individual or another; or
>>
>> (3) He is attempting or committing a forcible felony other than voluntary manslaughter." (Ill. Rev. Stat. 1975, ch. 38, par. 9—1(a).)

Thus there is but one crime of murder, not three separate and distinct offenses. (*People v. Allen,* 56 Ill. 2d 536, 543, 309 N.E.2d 544, 547 (1974), *cert. denied,* 419 U.S. 865, 42 L. Ed. 2d 102, 95 S. Ct. 120, (1974).) As noted in *Allen,* the subparagraphs of section 9—1(a) describe mental states or conduct which must accompany the act which causes death. They do not describe separate crimes but the single crime of murder. Although the

State was entitled to prosecute its case on both theories, the court and counsel in the 1970 Wayne County trial believed that judgment and sentence could not be imposed for both murder and "felony murder." Faced with the problem of how to dispose of the "felony murder" count after the verdict had been returned, the State decided to *nolle prosequi* the charge. In so doing, the State attempted to clear up the record and prevent prejudice to the defendant.

■■ We do not believe that *nolle prossing* the "felony murder" count actually had any effect, much less a double jeopardy implication. That count was redundant after the verdicts were returned because it represented merely another theory of murder. In effect, the two verdicts can be viewed as having merged into a single judgment of murder. When defendant's conviction was vacated by the Federal court the prosecution was entitled to retry him for murder, under any of the three theories set out in section 9—1(a).

■ For similar reasons we reject defendant's contention that the Williamson County trial court in the 1977 case erred in submitting to the jury only general verdicts of guilty or not guilty of murder. The propriety of a general verdict is underscored by the confusion generated in the 1970 trial by the submission of verdicts on both "intentional murder" and "felony murder."

Defendant's third and final contention is that because the State failed to appeal the Wabash County dismissal of the "felony murder" indictment, it was precluded from reindicting him on that theory when the case was transferred to Williamson County after the mistrial in Wabash County. Defendant's motion to the court in Wabash County was based on the double jeopardy issue argued in this appeal. Defendant asserts that the Wabash County dismissal of the "felony murder" indictment was an appealable order under Supreme Court Rule 604 (Ill. Rev. Stat. 1975, ch. 110A, Rule 604), and that the Williamson County court in effect overruled the Wabash County court. We disagree.

Supreme Court Rule 604 states in part:

"(a) Appeals by the State.

(1) *When State May Appeal.* In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; * * *." Ill. Rev. Stat. 1975, ch. 110A, Rule 604.

■■ ■ However, because "felony murder" is only a theory of prosecution, a jury can be instructed on it, if it is supported by the evidence, even if that theory was not specifically charged in the

indictment or information. (*People v. Allen,* 56 Ill. 2d 536, 543, 309 N.E.2d 544, 547 (1974).) Thus the State argues, and we agree, that the Wabash County court's order was in fact a premature ruling that the jury would not be instructed on "felony murder" and as such was not appealable. Under the ruling in *Allen* an instruction can be given on "felony murder," if supported by the evidence, even if a defendant had not been indicted on that theory so long as defendant is not unfairly surprised. As to defendant's contention that one circuit court "overruled" another, it is sufficient to state that it has been held that after a mistrial caused by a hung jury, the State can file additional charges arising out of the same incident. *People v. Miller,* 35 Ill. 2d 62, 66, 219 N.E.2d 475, 478 (1966); *People v. D'Angelo,* 30 Ill. App. 3d 86, 89, 333 N.E.2d 525, 528 (5th Dist. 1975).

For the foregoing reasons, the judgment of the Circuit Court of Williamson County is affirmed.

Affirmed.

JONES and FRIEDMAN, JJ., concur.