THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RALPH GOOLSBY, Defendant-Appellant.

First District (1st Division)    No. 77-1023

Opinion filed March 26, 1979.—Rehearing denied April 30, 1979.

James J. Doherty, Public Defender, of Chicago (Matthew J. Beemsterboer, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Francis X. Speh, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Defendant, Ralph Goolsby, was indicted for the murder and attempt armed robbery of William Byrne. Following a jury trial, defendant was convicted of murder and found not guilty of attempt armed robbery and voluntary manslaughter. He was sentenced to a term of 30 to 90 years in the Illinois Department of Corrections.

The killing occurred on February 24, 1973, when Byrne was a newspaper delivery truck driver and defendant was his "helper." At trial, defendant admitted he stabbed the deceased, but claimed he acted in self defense following an argument and a violent struggle over money. Because defendant presented evidence as to self defense, the trial court gave an instruction on justifiable use of force. (Illinois Pattern Jury Instructions, Criminal, No. 24.06 (2d ed. 1971) (hereafter cited as IPI Criminal).) Among other instructions given were those on murder (IPI Criminal No. 7.02) and voluntary manslaughter arising from an unreasonable belief that the killing was justified (IPI Criminal Nos. 7.05 and 7.06). The latter two instructions are based upon section 9—2(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 9—2(b)) ("unreasonable belief" voluntary manslaughter).

On appeal (*People v. Goolsby* (1977), 45 Ill. App. 3d 441, 359 N.E.2d 871), this court found there was insufficient evidence to prove defendant guilty of murder beyond a reasonable doubt. However, the evidence was sufficient to convict him of voluntary manslaughter, since the killing of Byrne arose from sudden and intense passion resulting from serious provocation. (Ill. Rev. Stat. 1973, ch. 38, par. 9—2(a) ("provocation" voluntary manslaughter).) Consequently, this court reduced the degree of the offense from murder to voluntary manslaughter pursuant to Supreme Court Rule 615(b)(3) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(b)(3)). As modified, the conviction was affirmed and the cause remanded to the circuit court of Cook County for resentencing.

On remand, defendant filed a written motion to dismiss the indictment pursuant to section 114—1(a)(2) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 114—1(a)(2)). He alleged that to impose a sentence on the reduced offense would violate

State constitutional and statutory prohibitions against double jeopardy (Ill. Const. 1970, art. I, §10; Ill. Rev. Stat. 1977, ch. 38, par. 3—4(a)(1)), since the jury had returned a signed verdict of not guilty of voluntary manslaughter. During the hearing on the motion, defendant's counsel also orally invoked the authority of the United States Constitution's prohibition of double jeopardy. (U.S. Const., amend. V.) Pursuant to this court's mandate, the circuit court denied defendant's motion to dismiss the indictment, conducted a hearing in aggravation and mitigation, and sentenced defendant to a term of 4 to 12 years for the crime of voluntary manslaughter.

Defendant brings this appeal, contending that the circuit court erred by not granting his motion to dismiss the indictment. Defendant reasserts his double jeopardy challenge and also contends that statutory provisions regarding compulsory joinder (Ill. Rev. Stat. 1977, ch. 38, par. 3—3) and constitutional due process protections (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2) prohibit resentencing and compel his discharge from incarceration.

■■ Initially, we note that, in effect, defendant contests the mandate of the appellate court directing the circuit court to resentence defendant, rather than any order of the trial court. The record indicates that the trial court merely implemented the precise and unambiguous directions of this court because it was unauthorized by law to do otherwise. (*People ex rel. Barrett v. Bardens* (1946), 394 Ill. 511, 68 N.E.2d 710; *People v. Knox* (1971), 3 Ill. App. 3d 22, 278 N.E.2d 252, *cert. denied* (1972), 409 U.S. 1075, 34 L. Ed. 2d 633, 93 S. Ct. 678.) This cause was remanded for sentencing alone, yet defendant does not contest the sentence imposed. Accordingly, proper judicial procedure required defendant to petition the appellate court for rehearing and petition the Illinois Supreme Court for leave to appeal if the relief he sought was not granted by the appellate court. Ill. Rev. Stat. 1977, ch. 110A, pars. 315, 317, 367.

Despite the State's claim of waiver, our disposition of this appeal is on the merits.

Defendant contends that the jury's specific finding that he was not guilty of voluntary manslaughter precluded the appellate court from reducing his conviction from murder to voluntary manslaughter. He places principal reliance upon the prohibition of double jeopardy, which bars a new prosecution following an acquittal. *Benton v. Maryland* (1969), 395 U.S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056; *People v. Flaherty* (1947), 396 Ill. 304, 71 N.E.2d 779, *cert. denied* (1947), 331 U.S. 856, 91 L. Ed. 1863, 67 S. Ct. 1745; Ill. Rev. Stat. 1973, ch. 38, par. 3—4.

We find defendant's argument without merit, since this court's reduction of the degree of defendant's offense from murder to "provocation" voluntary manslaughter and the jury's acquittal on

"unreasonable belief" voluntary manslaughter referred to separate offenses. Additionally, reduction of the degree of an offense in no way involves a reprosecution of defendant.

■■ Defendant was indicted for murder and armed robbery. Voluntary manslaughter is a lesser included offense of murder (*People v. Washington* (1972), 7 Ill. App. 3d 427, 287 N.E.2d 746 (abstract)), and a defendant indicted for the crime of murder may be convicted of voluntary manslaughter. (*People v. Lewis* (1977), 51 Ill. App. 3d 109, 366 N.E.2d 446.) Where evidence is presented which, if believed, would justify conviction for the lesser included offense of voluntary manslaughter, the trial court must instruct the jury defining that offense. *People v. Sykes* (1977), 45 Ill. App. 3d 674, 359 N.E.2d 897; *People v. Arnold* (1974), 17 Ill. App. 3d 1043, 309 N.E.2d 89.

Because defendant claimed he acted in self defense, the trial court instructed the jury as to three alternative considerations:

> (1) To sustain the charge of murder, the jury must find the defendant was not justified in using the force which he used which caused the death of Byrne (IPI Criminal No. 7.02);
>
> (2) To acquit on the charge of murder, the jury must find that the use of force was justified and self defense was demonstrated (IPI Criminal No. 24.06);
>
> (3) To sustain the charge of voluntary manslaughter, the jury must find that while the defendant might have believed that the use of force was necessary, under the evidence such belief was unreasonable (IPI Criminal Nos. 7.05, 7.06).

*People v. Wright* (1974), 24 Ill. App. 3d 536, 321 N.E.2d 52.

Applying the facts of the case to these instructions, the jury found that justifiable use of force had not been demonstrated and convicted defendant of murder. Furthermore, they specifically found defendant not guilty of "unreasonable belief" voluntary manslaughter. Since conviction of murder serves as an acquittal of the lesser included charge of voluntary manslaughter (see *People v. Wilcoxen* (1974), 23 Ill. App. 3d 377, 319 N.E.2d 86; *People v. Woods* (1974), 23 Ill. App. 3d 480, 319 N.E.2d 263), the jury's verdict on voluntary manslaughter was superfluous.

■■ However, when this court found the murder verdict was unsupported by the evidence, the jury's acquittal on "unreasonable belief" voluntary manslaughter became effective and precluded any reprosecution of defendant for that crime. Nonetheless, this court reduced the degree of defendant's offense from murder to "provocation" voluntary manslaughter (Ill. Rev. Stat. 1977, ch. 38, par. 9—2(a)), which is a separate offense. *People v. Bruno* (1979), 68 Ill. App. 3d 768, 386 N.E.2d 550; see *People v. Viser* (1975), 62 Ill. 2d 568, 343 N.E.2d 903.

■■ The test of the identity of offenses is whether each statutory provision requires the proof of an additional fact which the other does not. (*Blockburger v. United States* (1932), 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180.) The "provocation" and "unreasonable belief" theories of voluntary manslaughter require different frames of mind that cannot both be present in the same act. (*People v. Clark* (1973), 15 Ill. App. 3d 756, 305 N.E.2d 218.) Therefore, the differing mental elements constitute separate facts and satisfy the independent offense criterion of *Blockburger*.

■■ The jury received no instructions regarding "provocation" voluntary manslaughter (IPI Criminal Nos. 7.03 and 7.04 were not given), so could not have acquitted defendant of that offense. Accordingly, this court properly reduced the offense of murder to the lesser offense of "provocation" voluntary manslaughter.

■■ ■ Defendant next contends that since he was never charged with "provocation" voluntary manslaughter and the jury was never instructed on that theory, the compulsory joinder provision of section 3—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 3—3) precluded this court from reducing his conviction to that offense. In relevant part, section 3—3 provides:

"(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution * * * if they are based on the same act."

Section 3—4(b) (Ill. Rev. Stat. 1977, ch. 38, par. 3—4(b)) bars a subsequent prosecution for an offense that should have been joined. (*People v. Mullenhoff* (1965), 33 Ill. 2d 445, 211 N.E.2d 744.) This court merely affirmed defendant's conviction as modified and no reprosecution is involved. Moreover, since defendant was indicted for murder, he may have been convicted of the lesser included offense of voluntary manslaughter. (*People v. Lewis* (1977), 51 Ill. App. 3d 109, 366 N.E.2d 446.) Although not raised as an issue before the jury, "provocation" voluntary manslaughter was part of the indictment. Accordingly, reduction of the conviction to that offense was proper.

Defendant's final contention is that conviction for a charge not made constitutes a denial of procedural due process. (*Cole v. Arkansas* (1948), 333 U. S. 196, 92 L. Ed. 664, 68 S. Ct. 514; *De Jonge v. Oregon* (1937), 299 U. S. 353, 81 L. Ed. 278, 57 S. Ct. 255. He asserts that the State could not shift its theory of criminal accountability upon appeal and that this court improperly reduced defendant's conviction to "provocation" voluntary manslaughter, since the jury was not instructed on that theory.

We find defendant's due process challenge unpersuasive. Defendant had suitable notice that he may have been convicted of either form of voluntary manslaughter because both are lesser included offenses of

murder. (*People v. Lewis* (1977), 51 Ill. App. 3d 109, 366 N.E.2d 446.) Defendant could have tendered an instruction on "provocation" voluntary manslaughter. It is unrealistic to assume that the State would assert affirmative defenses for defendant via tendering instructions on voluntary manslaughter. Nor can we assume that the trial court would *sua sponte* issue a "provocation" voluntary manslaughter instruction.

■■ Moreover, the State cannot be blamed for changing the theory of this case upon appeal. That result was brought about by this court pursuant to Supreme Court Rule 615(b)(3) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(b)(3)), which is an available remedy upon appeal only when lesser included offenses are involved. (*People v. Towers* (1974), 17 Ill. App. 3d 467, 308 N.E.2d 223.) If the appellate court was precluded from exercising its authority to reduce the degree of an offense to lesser included offenses merely because defendant chose not to tender instructions on those offenses, the vitality of Supreme Court Rule 615(b)(3) as an appellate remedy to aid defendants would be seriously curtailed. We believe the legislature intended no such absurd result and find defendant's due process argument lacks merit.

For the aforementioned reasons the order of the circuit court of Cook County is affirmed.

Affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.