THE PEOPLE *ex rel.* WILLIAM J. SCOTT, Attorney General, Plaintiff-Appellee,
*v.* PATRICK J. GORMAN *et al.*, Defendants-Appellants.

First District (3rd Division)    No. 79-1392

Opinion filed May 6, 1981.

Shelly Waxman & Associates, of Chicago, for appellants.

William J. Scott, Attorney General, of Chicago (Russell C. Grimes, Jr., Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

This cause is back before this court on the appeal of the defendant fund raisers, who argue that the trial court did not comply with this court's mandate. In the original action brought by the Attorney General, the trial court found that defendants Patrick J. Gorman, Martin D. Gorman, Helix, Inc., and Washington Information Services violated the Illinois solicitation of funds for charitable purposes act (the Act) (Ill. Rev. Stat. 1973, ch. 23, par. 5109) in soliciting and distributing charitable contributions pursuant to contracts with the charity entitled Police Hall of Fame, Inc. In that action the trial court found that the acts of the fund raisers violated the statute in that they constituted a fraud on the public. The court enjoined defendants from further solicitation and in a modified judgment assessed compensatory damages under the statute at $417,928. The court also imposed punitive damages in the amount of $150,000.

On appeal, we affirmed the finding of liability under the Act. (*People ex rel. Scott v. Police Hall of Fame, Inc.* (1978), 60 Ill. App. 3d 331, 376 N.E.2d 665.) We also affirmed the injunction prohibiting the fund raisers from further solicitation of funds in Illinois. We held, however, that in refusing to allow the deduction of any reasonable and legitimate expenses from the campaign proceeds, the trial court erred in its interpretation of section 9 of the Act. Consequently, we vacated the award of compensatory damages and remanded the matter for further proceedings on the issue of compensatory damages. We reversed the assessment of punitive damages.

On remand, the trial court stated that our directive required an evidentiary hearing on the legitimacy of expenses. The Attorney General urged, instead, that damages be assessed under the alternate common law fraud count in the complaint. The trial court acquiesced and decided that an evidentiary hearing was unnecessary. The court proceeded to assess damages in the sum of $496,362, which represented a portion of the $614,452 in "invoiced costs" actually paid to the fund raisers. The court reasoned that because the program was wrought with fraud, any expenses received by the fund raisers were an unjust enrichment.

We initially turn to section 9 of the Act, under which the trial court held the fund raisers liable, and which we interpreted when reversing and remanding the trial court's compensatory damage award. Section 9 seeks to prevent frauds on the public in the solicitation and use of charitable contributions. (See, *e.g.*, *Village of Schaumburg v. Citizens for a Better Environment* (1980), 444 U.S. 620, 62 L. Ed. 2d 179, 100 S. Ct. 260.) Bearing on this latter purpose, the Attorney General may seek redress when a noncharitable entity, or a charitable entity using funds for noncharitable purposes, profits in an amount greater than 25% of the gross receipts of a contribution campaign. To make such a determination of

profit, section 9 provides that legitimate and reasonable expenses of conducting the campaign are first to be deducted from campaign proceeds, to yield gross receipts.

The fund raisers contend that the trial court erred on remand by recomputing damages under the alternate theory of common law fraud in count VI of the complaint. They contend that in so doing the trial court exceeded the scope of our mandate. Additionally, the fund raisers assert that although common law fraud was pleaded, this theory was never proved at trial; nor was the original trial court damage award based on that theory. In the alternative, the fund raisers contend that the trial court utilized an improper standard for computing damages for common law fraud.

■■ The trial court is required on remand to follow strictly the appellate court's mandate and may not exceed the directions of the appellate court. (*Ptaszek v. Konczal* (1957), 10 Ill. 2d 326, 140 N.E.2d 725; *Podbielniak v. Podbielniak* (1965), 60 Ill. App. 2d 357, 208 N.E.2d 625.) In the trial court's original judgment, damages were computed based on the statutory requirement that 75% of the gross receipts be used for charitable purposes. On appeal, we stated that the trial court misapplied the strictures of the statute in that it failed to examine expenses incurred and to deduct from the proceeds those expenses which were legitimate and reasonable. Accordingly, we remanded for a hearing on the legitimacy of expenses and a recomputation of damages consistent with our opinion. On remand, the trial court's order stated in part: "The Court further finds that an evidentiary hearing is unnecessary to determine 'unreasonable and illegitimate' expenses under the Illinois Solicitation Act." In light of our explicit directive to the trial court that it conduct a hearing on the legitimacy of expenses, we hold that the court's failure on remand to examine the legitimacy of expenses constituted an evasion of our mandate.

■■ We express no opinion as to the propriety of assessing damages under common law fraud where a complaint charges both a common law and statutory violation of the Act and where the trial court finds defendants liable under both counts. In the present case, however, the trial court assessed damages under the statute, and on appeal we directed the trial court to reassess damages under the statute. Accordingly, we are restricting ourselves to the propriety of the trial court's evading our mandate, as evidenced by its utilizing a different theory on damages for the first time on remand. The issue of damages for common law fraud, however, not having been passed on by the trial court, was foreclosed to that court on remand by the doctrine of *res judicata. Village of Oak Park v. Swigart* (1914), 266 Ill. 60, 107 N.E. 158; *People v. Knox* (1971), 3 Ill. App. 3d 22, 278 N.E.2d 252.

■■ We note, as an aid to the trial court on remand, that the existence of a

scheme to defraud is explicitly relevant to an evaluation of a statutory violation. The Act authorizes the Attorney General to bring an action where "there is employed * * * in any solicitation or collection of contributions for a charitble organization of any device, scheme, or artifice to defraud or for obtaining money or property by means of any false pretense * * *." Accordingly, a determination that an expense was fraudulently incurred is certainly probative of the illegitimacy of unreasonableness of the expense. (See *People ex rel. Scott v. Police Hall of Fame, Inc.*) Yet only those expenses incurred relative to the fraud are pertinent in such an analysis. Hence, on remand, a finding that the program was generally fraudulent would not necessarily support a determination that all expenses incurred were illegitimate. With these principles in mind, it will be incumbent on the trial court on remand to ascertain the legitimacy of the particular expenses.

■■ Additionally, we believe the assessment of "expenses incurred" involves more than an examination of "invoiced costs" as depicted in one of the exhibits offered by the fund raisers. We believe it elementary that all fruits of the campaign retained by the fund raisers constitute "expenses" as to the charity because but for such retention the charity would be the recipient of those fruits. Accordingly, the trial court must assess the legitimacy of the fund raisers' retention of the donor list worth $78,343 containing 49,000 names obtained as a result of the campaign, as well as the legitimacy of the rental charges of $35,951.36 to the chairity for use of its own lists.

Because we are vacating the trial court's award of damages for common law fraud, we will not address the fund raisers' alternative assertion that such damages must be measured by injury to plaintiff, as opposed to benefit to defendant.

■■ We briefly address and reject the fund raisers' contention that the trial court's failure to hold an evidentiary hearing ultimately precluded a reviewing court from assessing the *res judicata* effect of the arbitration proceedings and federal litigation. In our earlier opinion, we rejected the argument that the arbitration proceedings and the Federal litigation had any *res judicata* effect on the issues in that appeal. Accordingly, that argument was foreclosed to the trial court on remand by the doctrine of *res judicata*. (See *Smith v. Bishop* (1962), 26 Ill. 2d 434, 187 N.E.2d 217.) The fund raisers cannot now claim as error the application of that doctrine against them.

In light of the posture of the present case, a consideration of the fund raisers' remaining contention that the trial court improperly denied their petitions for a change of venue and for substitution of counsel seems unnecessary. The change of venue issue has become moot and, of course, counsel may now substitute and appear for the fund raisers.

For the foregoing reasons, the judgment of the circuit court of Cook County is vacated, and the cause is remanded for further proceedings as to the assessment of damages consistent with the holdings of this court.

Vacated and remanded.

RIZZI, P. J., and McGILLICUDDY, J., concur.