THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES D. COLE, SR., *et al.*, Defendants-Appellants.

Third District    No. 80-379

Opinion filed July 23, 1981.

Robert H. Rice, Stephen Rice, and Richard Aguirre, all of Rice, Durso, Rice & Aguirre, of Belleville, for appellants.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

On January 15, 1980, the grand jury of Peoria County returned a three-count indictment against defendants James D. Cole, Sr., and James D. Cole, Jr. Count I of the indictment charged the defendants with the crime of solicitation (to commit murder) in that they requested William Haley, a special agent for the Illinois Department of Law Enforcement, to murder attorney Robert H. Jones (Ill. Rev. Stat. 1979, ch. 38, par. 8—1(a)). Count II of the indictment charged the defendants with the crime of solicitation (to commit murder) in that they encouraged agent Haley to murder Jones (Ill. Rev. Stat. 1979, ch. 38, par. 8—1(a)). Count III charged the defendants with conspiracy (to commit murder) (Ill. Rev. Stat. 1979, ch. 38, par. 8—2(a)). Following a jury trial in the circuit court of Peoria County, the defendants were acquitted on counts I and III, *i.e.*, the solicitation-by-request charge and the conspiracy charge. The jury was, however, unable to reach a verdict on the remaining solicitation count, count II, which charged the defendants with solicitation by encouragement. A mistrial was declared as to count II and, after denying defendants' motion to dismiss that count, the trial court ordered a second trial on count II. Following the second jury trial, both defendants were convicted. Each was subsequently sentenced to the Department of Corrections for a term of 5 years. Bond was denied, and defendants have since been incarcerated.

■■■ On appeal the defendants raise only one issue for our consideration: Did their second trial on count II of the indictment violate the double jeopardy provisions of both the United States and Illinois Constitutions (U.S. Const., amend V; Ill. Const. 1970, art. I, §10). "A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if such former prosecution * * * [r]esulted in either a conviction or an acquittal * * *." (Ill. Rev. Stat. 1979, ch. 38, par. 3—4(a)(1).) The defendants contend that the Illinois solicitation statute, which provides that "[a] person commits solicitation when, with intent that an offense be committed, he commands, encourages or requests another to commit that offense" (Ill. Rev. Stat. 1979, ch. 38, par. 8—1(a)),

defines but one offense which can be committed in any one of three ways. Consequently, they argue, when they were acquitted of the crime of solicitation by request (count I), they could not be retried for the same act of solicitation under a different charge (solicitation by encouragement), because in so doing they would be placed twice in jeopardy for the same offense.

The defendants' position is not without merit, and is supported by the decision of our supreme court in *People v. Allen* (1974), 56 Ill. 2d 536, 309 N.E.2d 544, *cert. denied* (1974), 419 U.S. 865, 42 L. Ed. 2d 102, 95 S. Ct. 120. In *Allen*, the defendant was charged by indictment with two counts of murder (Ill. Rev. Stat. 1967, ch. 38, pars. 9—1(a)(1), (2)). Although he was not charged with felony murder (Ill. Rev. Stat. 1967, ch. 38, par. 9—1(a)(3)), the trial court instructed the jury on this theory. On appeal from his conviction, the defendant contended that because felony murder is a distinct crime the trial court violated his due process rights by instructing the jury on an offense for which he had not been charged. The supreme court, in rejecting this argument, made the following statements, which are highly pertinent to the instant case:

> "Under section 9—1 there is but one crime of murder, not three separate and distinct offenses as the defendant's argument assumes. Each of subparagraphs (1), (2) and (3) under section 9—1(a) describes the mental state or the conduct of the defendant which must accompany the acts which cause the death. If the defendant were charged with murder under subparagraph (a)(1) and acquitted, he could not again be charged and tried for murder of the same individual under subparagraph (a)(2) or (a)(3). Thus, there is no possibility that the defendant in this case could have been twice put in jeopardy. Also, the provision of our statute covering the effect of a former prosecution (Ill. Rev. Stat. 1967, ch. 38, par. 3—4) prohibits a subsequent prosecution of the defendant under such circumstances." (56 Ill. 2d 536, 543, 309 N.E.2d 544, 547-48.)

(Accord, *People v. Wilson* (1978), 61 Ill. App. 3d 1029, 378 N.E.2d 378.) Certainly, if subsections (a)(1), (a)(2), and (a)(3) of the Illinois murder statute do not define separate and distinct offenses, the words "commands, requests or encourages" do not constitute separate and distinct crimes of solicitation. By analogy, *Allen* clearly dictates that there is but one offense of solicitation under section 8—1(a) of the Criminal Code. (See Ill. Ann. Stat., ch. 38, par. 8—1, Committee Comments at 454-55 (Smith-Hurd 1972).) The words "commands, requests or encourages" merely state within one statutory section the three alternative ways in which the crime of solicitation can be committed, and reflect the legislature's intention to include varying degrees of involvement on the part of the solicitor within one encompassing inchoate offense. (See Ill. Rev. Stat.

1979, ch. 38, par. 2—20.) Although we agree with the State that it is within the discretion of State's attorneys to charge a defendant with three separate methods of solicitation under each of the three theories of prosecution (see, *e.g.*, *People v. Cobetto* (1975), 32 Ill. App. 3d 696, 336 N.E.2d 505), once the prosecution has made its choice, a conviction or acquittal under any one theory bars further prosecution under any of the others when all counts are based upon the same set of facts. Such is the situation in the case at bar.

In holding that section 8—1(a) of the Criminal Code states only one offense, we necessarily reject the State's contention that each "theory" under which the crime of solicitation can be perpetrated constitutes a separate offense. The State argues that because solicitation by request requires different proof than solicitation by encouragement (in that with the former the State would be required to prove that the idea of murdering Jones originated with the defendants, while with the latter, the State would be required to prove the idea originated with Haley, the "hit man"), solicitation by request and solicitation by encouragement are two distinct and separable offenses.[1] We find this argument to be unconvincing for several reasons. First, a similar analysis could be made of the Illinois murder statute in support of a contention that subsections (a)(1), (a)(2), and (a)(3) of that statute constitute separate offenses (Ill. Rev. Stat. 1979, ch. 38, pars. 9—1(a)(1), (2), (3)). In light of *Allen*, such an analysis must fail. Second, if the State were required to prove that the idea of murdering Jones originated with special agent Haley in order to prove that the defendant committed the crime of solicitation by encouragement, it would simultaneously be proving the defense of entrapment. It is well settled that for an entrapment to exist "the idea of committing the offense must originate not with the suspect but rather with the enforcement authorities." (*People v. Fisher* (1979), 74 Ill. App. 3d 330, 333-34, 392 N.E.2d 974, 978.) The State's effort to require different proofs for each of the theories under which the crime of solicitation can be committed leads to an incongruous situation, *i.e.*, the proof of a crime being identical with the proof of a defense which *negates* criminal liability, exposing the inherent weakness of the State's position. Further it would appear that to command or encourage the commission of a crime would necessarily include to "request," the State's proof of which failed by virtue of the jury's acquittal on count I.

■■ In summation, we believe that section 8—1(a) of the Criminal Code encompasses one, and only one, offense: that of solicitation. By the very

---

[1] "The test of the identity of offenses is whether each statutory provision requires the proof of an additional fact which the other does not." *People v. Goolsby* (1979), 70 Ill. App. 3d 832, 837, 388 N.E.2d 894, 897, citing *Blockburger v. United States* (1932), 284 U.S. 299, 76 L. Ed. 2d 306, 52 S. Ct. 180.

terms of the statute, the crime of solicitation can be committed in any one of three ways: by commanding, requesting, or encouraging another to commit an offense. Those three possible descriptions of the same activity do not constitute separate and distinct offenses or crimes when based upon one incident. Rather, by our view, the statute offers the State several methods of charging and prosecuting for the same offense. Accordingly, when the defendants were acquitted of the crime of solicitation under a request theory, the double jeopardy provisions of our Federal and State constitutions prohibited their retrial for the same crime under a different theory (encouragement). The defendants' second solicitation trial was clearly in contravention of the defendants' right to be free from double jeopardy, and as a consequence the convictions which followed that second trial must be reversed.

For these reasons, we reverse the judgments of the circuit court of Peoria County.

Judgments reversed.

SCOTT, P. J., and HEIPLE, J., concur.